**Clarence BLAIR, Appellant,**

v.

**Kenneth EBLEN, Appellee.**

Court of Appeals of Kentucky.

Dec. 18, 1970.

Russell S. Armstrong, Evansville, Ind., John D. Miller, Owensboro, for appellant.

Leonard T. Mitchell, Mitchell, Withers, Neel & Hoffman, Henderson, for appellee.

REED, Judge.

Plaintiff-appellant, Clarence Blair, sued defendant-appellee, Kenneth Eblen, a general practitioner of medicine, for negligence in the treatment of a hand injury. The trial judge submitted the case to a jury under instructions which defined the standard of care applicable to the defendant in accordance with our current case law and which also required the jury to exonerate the defendant if they found that plaintiff was contributorily negligent even though they also believed the defendant was negligent. The jury returned a general verdict for the defendant. The plaintiff appeals from the judgment based on the verdict.

We find that the plaintiff's claimed conduct which is relied on to warrant the contributory negligence instruction was subsequent to and not concurrent with the conduct of the defendant which is claimed to constitute actionable negligence. Therefore, we believe that the form of the contributory negligence instruction given was prejudicially erroneous. We are also persuaded that the standard of care applicable to the defendant should be recast in a more realistic form in the jury instructions when the case is tried again.

Plaintiff severely injured his left hand in an industrial accident. He went to a hospital in Henderson, Kentucky, where he underwent emergency treatment followed by hospital care. Defendant, a general medical practitioner, was the treating physician in charge of the case. Infection developed in the injured hand. Plaintiff requested the services of another physician. Defendant arranged the referral of plaintiff to orthopedic specialists in Evansville, Indiana. Plaintiff was then transferred to the treatment of the Evansville specialists. He had been under defendant's care about a week.

The Evansville specialists treated the infection before performing surgery. After the infection was controlled, they amputated his thumb, a portion of his ring finger, and his index finger. He was then referred by the orthopedic specialists to a hand specialist who practiced in Louisville, Kentucky.

The hand specialist treated plaintiff's left hand in its amputated condition for the purpose of restoring as much of its function as was possible. This physician said that he had hoped for a better result in restoring function to the hand than he obtained. He stated that plaintiff had a low pain threshold. This physician asserted a belief that plaintiff had not performed exercises with the injured hand which he had recommended as a part of his rehabilitative treatment.

It is virtually conceded by both plaintiff and defendant that the evidence presented a jury issue concerning whether the defendant was negligent. There was expert evidence tending to support the claims of each of the adverse parties on that issue. We will not belabor the point except to say that the jury could have reasonably found either that the defendant was negligent or that he was not. The same comment cannot be made, however, about the claimed contributory negligence of the plaintiff.

The only evidence of contributory negligence on plaintiff's part is the testimony of the hand specialist that because of a lack of tolerance for pain plaintiff was reluctant to exercise the injured hand. One of the orthopedic specialists also said that the patient had an extremely low tolerence to pain and manifested a lack of willingness to try and help himself. If it be conceded that this evidence was sufficient to inject the issue of contributory negligence into the case for jury determination, it must also be conceded that this conduct of plaintiff occurred after his hand had been permanently injured, part of it amputated, and the defendant's treatment of it had ceased.

■ Negligence on the part of the patient, which occurs wholly subsequently to the physician's malpractice which caused the original injuries sued for, is not a complete defense to any recovery against the physician, but serves to mitigate the damages, preventing recovery to the extent the patient's injury was aggravated or increased by his own negligence, although he is entitled to recover for the injuries sustained prior to his contributory negligence. Leadingham v. Hillman, 224 Ky. 177, 5 S.W.2d 1044 (1928); also see 50 A.L.R.2d, Anno: Malpractice—Contributory Negligence, section 6, pp. 1055–1060.

■ Stacy v. Williams, 253 Ky. 353, 69 S.W.2d 697 (1934) relied on by the defendant is not applicable here because that case presented the situation where the patient's disobedience of the physician's instructions concurred with the physician's malpractice as the cause of the injury complained of. Cf. Flynn v. Stearns, 52 N.J.Super. 115, 145 A.2d 33 (1958). It is impossible to say whether the jury found the defendant nonnegligent or whether the jury believed that the plaintiff's failure to exercise his hand in its amputated condition barred his right to any recovery notwithstanding negligence on the defendant's part. The contributory negligence instruction was therefore prejudicially erroneous and this necessitates a reversal for another trial.

■ The plaintiff complains about the language of the instruction which defined the standard of care applicable to the defendant. The trial court instructed the jury that the defendant was obligated to use such reasonable and ordinary knowledge, skill and care as is exercised by physicians in similar communities. Plaintiff argues that instead of "similar communities" the locale should be expressed as "the state of Kentucky." Plaintiff further urges that since defendant was a general practitioner a special instruction was justified, under the evidence in this case, to the effect that the jury could consider defendant's failure to refer plaintiff to a spe-

cialist if they found from the evidence that such action was warranted.

The evidence was all to the effect that the standard of practice of general medicine in Henderson was of professionally acceptable quality and at least equal to or better than any other area. Therefore, it is difficult to conclude that the plaintiff was prejudiced by the form of the instruction in this particular case. It was couched in the same language recommended in Burk v. Foster, 114 Ky. 20, 69 S.W. 1096, 24 K.L.R. 791, 59 L.R.A. 277 (1902) and used in such relatively recent cases as Engle v. Clarke, Ky., 346 S.W.2d 13 (1961) and Jarboe v. Harting, Ky., 397 S.W.2d 775 (1965).

Although still retained by the Restatement of Torts, Second,[1] the "community standard" rule in these cases is being steadily rejected. An excellent discussion of the trend away from it in recent decisions may be found in Lawyer's Medical Cyclopedia (Revised Ed.1966), section 2.-45, pp. 120–124. Prosser recognizes that locality is merely one factor to be taken into account in applying general professional standards. Prosser, Handbook of the Law of Torts (3rd Ed.1964), section 32 at pp. 166, 167. We will not extend the discussion. The point is this: We are convinced that the standard should be established by the medical profession itself and not by the lay courts. Rigid adherence to the "community standard" idea may work to the disadvantage of the physician as well as the patient. Cf. Tanner v. Sanders, 247 Ky. 90, 56 S.W.2d 718 (1933).

■ We agree in substance with the Supreme Court of Washington that the proper standard should not be expressed to the jury in terms of "community" practice. Under our system of jury instructions, we have often rejected the notion . that one particular circumstance should be emphasized by specification when other relevant circumstances are generalized under the phrase, "the same or similar circumstanc-

es." The Washington Court stated a reasonable standard in Pederson v. Dumouchel, 72 Wash.2d 73, 431 P.2d 973 (1967) and in Douglas v. Bussabarger, 73 Wash.2d 476, 438 P.2d 829 (1968). We adopt their view with a minor qualification. We would substitute the term "reasonably competent" for the term "average" used in the Washington Court's definition. It is our conclusion that the jury should be instructed that the defendant was under a duty to use that degree of care and skill which is expected of a reasonably competent practitioner in the same class to which he belongs, acting in the same or similar circumstances.

■ Under the standard just expressed, the evidence may include the elements of locality, availability of facilities, specialization or general practice, proximity of specialists and special facilities as well as other relevant considerations. In short, we will not perpetuate a rule designed to protect country doctors in 1902, but we will leave determination of the standard to the medical profession and not the lay courts.

What we have just said disposes of plaintiff's argument concerning the necessity of a special instruction on referral to a specialist. The same reasoning which requires rejection of the "community standard" particularized instruction requires rejection of a particularized instruction in this instance.

Therefore, on retrial, the trial court will submit the issue of plaintiff's contributory negligence in terms of mitigation of damages and not as a complete bar to any damages, if the evidence warrants submission of this element. The trial court will also omit the "community standard" language from the instruction which defines the standard of care applicable to the defendant, and substitute therefor the definition of that standard as is stated in this opinion.

■ Plaintiff also complains about improper final argument by counsel for de-

---

1. Section 299A, see particularly comment g, p. 75.

fendant. Personal references to opposing counsel and appeals to local prejudice are improper. We repose full confidence that able counsel for defendant will not risk destroying the finality of a possible favorable verdict for his client by improper final argument. We need not pursue the pros and cons of this phase of the completed trial. Plaintiff and defendant have another trial to face.

The judgment is reversed for further proceedings consistent with this opinion.

All concur.

PALMORE, J., not sitting.