Robert L. MASSEY, Appellant,

v.

Burton M. HEINE, M. D., Appellee.

Court of Appeals of Kentucky.

April 20, 1973.

As Modified on Denial of Rehearing June 15, 1973.

Edward M. Post, Taustine, Post, Berman, Fineman & Kohn, Louisville, for appellant.

John T. Ballantine, Ogden, Robertson & Marshall, Louisville, for appellee.

REED, Justice.

In this malpractice action, the plaintiff, Robert L. Massey, sued his attending physician, Doctor Burton M. Heine, St. Anthony Hospital, and Evelyn Keller, a nurse employed by the hospital in its intensive care ward, for personal injuries resulting from a negligently administered injection of an antibiotic. The plaintiff Massey sought damages in the amount of $200,000. After commencement of the lawsuit and while it was pending, Massey entered into a compromise and settlement agreement with nurse Keller and her hospital employer. In consideration of the payment of $60,000 on their behalf, Massey released each of them from all liability. This re-lease agreement, to which neither Doctor Heine nor his attorney was a party, stated that Massey had agreed to settle the claims against all of the defendants for the sum of $100,000 and that his acceptance of $60,000 from the nurse and the hospital would not operate to release Doctor Heine, but that Massey was free to pursue his suit against the doctor alone.

The action then proceeded to a jury trial at the conclusion of which the question of Doctor Heine's liability was submitted to a jury. The jury returned a verdict in favor of the defendant doctor. From a judgment entered in accordance with the jury verdict, the plaintiff, Massey, appeals. He contends that the trial judge's instructions to the jury were prejudicially erroneous in two respects: first, the definition of the standard of care applicable to the physician was incorrectly stated; second, the issue of the vicarious liability of the physician for the wrongful conduct of the nurse on the occasion in question was improperly omitted from the instructions. We affirm the judgment exonerating the physician from liability in the circumstances presented.

Massey was admitted to St. Anthony hospital for treatment of stab wounds. Doctor Heine, a thoracic surgeon, became his attending physician. Doctor Heine had staff privileges to practice in St. Anthony Hospital. The defendant physician performed a thoracotomy and gave written orders for the post-operative care of his patient addressed to the hospital nursing staff. Among these orders was a direction that Massey be given intramuscular injections at stated periods of an antibiotic to control infection. Massey was placed in the intensive care ward and nurse Keller, in administering the injection ordered by the attending physician, struck Massey's sciatic nerve with the needle and thereby triggered damage to his right leg, including a condition called "foot drop."

Massey's brief extensively argues that Doctor Heine knew or should have known that a nurse in St. Anthony Hospital might administer the injection improperly at a

point in what is described as the outer right quadrant of the right hip so dangerously close to the midline of the hip that it would injure the sciatic nerve. According to defendant's evidence, the injection of antibiotics into a patient is both a medical and a nursing function depending upon who is present at the time; the hospital's nursing personnel are trained in the proper method of giving injections, are checked by their hospital employer to make sure they are competent at the time of their employment, and are periodically reviewed to make sure that they observe proper nursing standards.

The defendant physician introduced testimony that nurses are advised and are fully aware of the dangers of injecting any antibiotics directly into or near the sciatic nerve. It is clear that the attending physician entrusted the administration of these injections, as a part of post-operative procedure, to the nursing personnel. He was not present when the negligently administered injection was given and he did not select nurse Keller, individually, but rather wrote a general order addressed to the nursing staff provided for the intensive care ward.

Massey produced expert evidence that the instruction and training of the nurses at St. Anthony Hospital were deficient regarding proper procedures and precautions in the administration of intramuscular injections in the hip. From the plaintiff's standpoint, the evidence established, at best, a factual situation from which it might have been found either that Doctor Heine was negligent in intrusting Massey's post-operative care to the nursing staff of St. Anthony Hospital or that in his attendance and treatment of Massey he had not exercised that degree of care which a reasonably competent physician would have exercised under the same or similar circumstances. The jury resolved the issue in the physician's favor.

So far as the standard of care is concerned, the trial court's instructions contained the words: that [degree of care] "which ordinarily careful practitioners *ordinarily use*." The plaintiff claims the court should have instructed that the defendant was obliged "to *exercise* that degree of care *as would be exercised* by a *ordinarily careful* physician." The discussion in appellant's brief is extensive on this point and includes a discussion of the familiar principle that if it is the custom of a trade or profession to be negligent, then following such custom will not relieve a defendant from liability. In the case at bar, however, we are unable to perceive any prejudice or attach significance to some supposed distinction between what is conveyed to the ordinary lay jury by use of the words "ordinarily used" as contrasted with the words "be exercised by." Regardless of semantic shadings, in our view, these words would be regarded as synonymous by a trial jury composed of laymen. Under the instruction given by the trial judge, plaintiff's able counsel was afforded full opportunity to argue to the jury why Doctor Heine should be subjected to the liability under the circumstances. We do not doubt that he utilized the opportunity.

Under Blair v. Eblen, Ky., 461 S.W.2d 370 (1970), a more precise instruction is recommended than was given in this case. The plaintiff's attack on the instruction given, nevertheless, does not reach the troublesome elements discussed and, hopefully, at least ameliorated by the Blair opinion. We are not persuaded that the jury was misled or that the plaintiff was discernibly prejudiced by the instruction that employed the words "ordinarily used" instead of the words "would be exercised."

The plaintiff's remaining complaint concerning the instructions is their failure to submit the question of the vicarious liability of the defendant physician for the negligent act of the hospital nurse. It cannot succeed.

Defendant argues that a release of a servant or agent from liability for tort committed by him also releases the master or principal from liability under the

doctrine of respondeat superior. See Anno: Tort of Servant—Release—Effect, 92 A.L.R.2d 533. Plaintiff did not respond on this issue until the petition for rehearing stage was reached.

■ We need not decide the issue however. The evidence clearly established that the defendant physician neither selected nor supervised the nurse nor was he personally present when she administered the shot. Therefore, the "borrowed servant" principle did not apply. This state of facts left open only the question of whether the defendant physician was guilty of individual actionable conduct on the occasion that was a legal cause of the harm. The jury's verdict exonerated the defendant from individual fault. The matter is ended.

The judgment is affirmed.

PALMORE, C. J., and MILLIKEN, OSBORNE, REED, STEINFELD and STEPHENSON, JJ., sitting.

All concur.