**LETITIA GITTENS, Plaintiff**

**v.**

**CORA CHRISTIAN, M.D., Defendant**

Civil No. 1982/210

District Court of the Virgin Islands

Div. of St. Croix

January 2, 1985

JOHN K. DEMA, ESQ., Christiansted, St. Croix, V.I., *for plaintiff*

R. ERIC MOORE, ESQ., Christiansted, St. Croix, V.I., *for defendant*

O'BRIEN, *Judge*

## MEMORANDUM OPINION AND ORDER

A jury in this medical malpractice case returned a verdict of. $150,000 in favor of the plaintiff. At issue is a post trial motion by the defendant seeking judgment notwithstanding the verdict, or a new trial. The heart of defendant's motion is the assertion that the Court's instruction to the jury, which applied a national standard of care as against a locality standard, was erroneous.

For the reasons stated herein, the motion will be denied and the verdict will be permitted to stand in its full amount.

## I. FACTS

The defendant, Dr. Cora Christian ("Dr. Christian"), is a well known physician with a practice on St. Croix. In addition, she carries administrative responsibilities as an assistant commissioner of health for the U.S. Virgin Islands, making her the highest governmental health officer resident on St. Croix. After her medical school training, Dr. Christian became a family practitioner. She availed herself of additional training in that respect, and passed the rigorous requirements to be certified by the national board as a specialist in family practice. This specialty is relatively new among medical board certifications.

Among the aspects of the requirements for certification in this specialty is the development of `expertise in minor surgical and quasi-surgical routines approved for performance within the confines of the physician's own office rather than in a hospital. This included training in a technique known as cryosurgery, whereby body tissue is frozen with a certain implement. This procedure is utilized in the treatment of internal hemorrhoids.

After having been certified for this family medicine specialty, which admittedly included expertise in the cryosurgical technique described above, Dr. Christian was visited by the plaintiff, Letitia Gittens ("Gittens"). Ms. Gittens was suffering from what Dr. Christian diagnosed as internal hemorrhoids. She recommended the same cryosurgical technique she had been trained to perform as part of the qualification process for national certification as a family practice specialist. Gittens consented, and the procedure was undertaken in Dr. Christian's office.

In this lawsuit, Gittens claims that Dr. Christian committed medical malpractice in the performance of the cryosurgery, and that she, Gittens, suffered damages. The trial was held and evidence was heard on the issues of liability and damages. As stated earlier, the jury returned a verdict of $150,000 in favor of Gittens.

The Court, during the trial, was faced with a primary decision. Should the jury be instructed on the so-called "locality standard" encompassed in the language of Restatement of Torts 2d 299A, or should the instruction follow the national standard for specialists described in comment d of Section 299A? The Court opted for the latter instruction. The instruction given was from Alexander's Jury Instructions on Medical Issues, No. 7-3, which states:

> You are instructed that negligence in the practice of medicine or surgery is the doing of a thing which an ordinarily careful, prudent and skillful physician or surgeon, practicing in the same field of medicine or surgery, and at or about the same time, would not have done under the same or similar circumstances, or the failure to do something which a physician or surgeon would have done under the same or similar circumstances. The locality of the practice may be considered by you as one of the circumstances.

Other proposed instructions from counsel were also given, but the nub of Dr. Christian's argument for a directed verdict or for a new trial is that the standard of care instruction was erroneous. She argues that she should have been judged by the standard applicable to "a family practitioner in the Virgin Islands or similar community." Defendant's Memorandum, page 2. Additionally, Dr. Christian asserts that Gittens did not adduce expert testimony properly aimed at the appropriate standard, since the plaintiff's expert was a proctologist/surgeon, not a family practitioner.

Dr. Christian also raises issues of sufficiency of the evidence of the size of the verdict.

## II. DISCUSSION

A. *The Applicable Standard of Care*

This is the first occasion on which the Court is called to apply a standard to a physician who is board certified in family medicine. A general practitioner would ordinarily have an instruction fashioned along the lines of the black letter language of Restatement 2d of Torts 299A, which reads:

> Unless he represents that he has greater or less skill or knowledge, one who undertakes to render services in the practice of a profession or trade is required to exercise the skill and knowledge normally possessed by members of that profession or trade in good standing in similar communities.

But Dr. Christian would be the first to tell you that she is more than a general practitioner. She is rightly proud to hold herself out to be a specialist, with all the additional expertise the term connotes, in a certain type of medical practice. Accordingly, comment d to Section 299A notes forcefully that such a specialist "is required to have the skill and knowledge common to other specialists." Her skill, then, is measured against that of her contemporaries who have climbed the same difficult mountain to board certification as a family medicine specialist. This certification, difficult to obtain, can only be retained by periodic certification and a demonstration that the skills which originally led to recertification have not fled or faltered. Indeed, Dr. Christian was recertified in her specialty at about the time of the incident with Gittens.

Having taken the time and trouble to advance herself professionally into the ranks of specialists, the Court is required to alert the jury in her case "to the fact that a defendant who is a specialist should be held to a higher degree of care than a general practitioner." McPhee v. Reichel, 461 F.2d 947, 951 (3d Cir. 1972).

■ The instruction given at trial and previously cited herein is particularly applicable to Dr. Christian, since the certification as a specialist in family medicine, by her own testimony, qualified her not only as a physician, but as a surgeon for minor procedures, such as cryosurgery. Accordingly, we are comfortable with the instruction which was given, which minimized the geographic or locality rule in favor of a standard which measured Dr. Christian's actions against her compatriots in the specialty of family medicine.

Since we reject the argument of Dr. Christian as to the standard applicable to her, we need not reach the question raised in certain quarters as to whether the entire locality rule has become an anachronism. The commentary following Alexander's Jury Instructions on Medical Issues, No. 7-3 (1966), suggests that even at that time there was a trend away from the locality standard in medical malpractice cases. This view is reinforced by an excellent discussion of the issue in Robbins v. Footer, 553 F.2d 123, 127 (D.C. Cir. 1977). Is not the training of the physicians and medical specialists in the Virgin Islands, stateside in origin, on a par with their colleagues across

the breadth of the United States? And if so, should not the locality standard be abandoned, especially since medical facilities in the territory have reached stateside standards? If the answer to these two questions is affirmative, it may well be that in the future those persons who are general practitioners in the Virgin Islands will be held to the same standard of care as their stateside counterparts. That decision, however, is for another day.

B. *The Plaintiff's Medical Expert*

Our discussion of the applicable standard of care, however, is not ended. At the trial, Gittens called a qualified proctologist/surgeon to testify that Dr. Christian's performance of cryosurgery was negligent, and fell below the nationwide standard. His testimony of negligence fell within his comparison of Dr. Christian's performance of a recognized technique with that to be expected of others performing the same procedure. He had no specific knowledge concerning the Virgin Islands and did not testify according to the locality standard.

Dr. Christian argues that because plaintiff's medical expert was not a specialist in family medicine, he was not qualified to testify as to her performance within the range of her specialty. In addition, Dr. Christian points out that Dr. Biehl, plaintiff's expert, did not even agree that family medicine specialists should perform cryosurgery, and he further suggested that other methods of approach to internal hemorrhoids could have been utilized before resort to cryosurgery. He did not, however, discount cryosurgery as an outmoded or unwarranted procedure, conceding that he has performed hundreds of the same procedures in his own office setting.

This is the crux of the point. While Dr. Biehl may have been a proctologist/surgeon with his own board certification, the manner and method of performing cryosurgery did not differ between his specialty and that of Dr. Christian. His testimony faulted Dr. Christian not for performing the procedure in the first place, but for what he considered her negligent implementation of a standard procedure common to their respective specialties.

Thus, he was well placed to state his opinion of her performance. As a cautionary measure, the Court gave a further instruction on "differing schools of thought". We find no error in the totality of the instructions in regard to the standard of care.

C. *Sufficiency of the Evidence*

Once Dr. Biehl's testimony is found appropriate, there is

little question of the sufficiency of the evidence. As trial judge, we review the evidence in this jury case by the light most favorable to the party against whom the motion is made. Every fair and reasonable inference must be given to the non-moving party. Fireman's Fund Ins. Co. v. Videfreeze Corp., 68 F.R.D. 484, 491 (D.V.I. 1975) aff'd in part, rev'd 540 F.2d 1171, 1178 (3d Cir. 1976), cert. den. 426 U.S. 1053 (1977). By that standard of review, the evidence clearly supported the verdict as to liability.

D. *Size of the Verdict*

■ Dr. Christian's final argument is that the verdict of $150,000 for a case in which there was no permanent damage and very little evidence of the other aspects of damage, was far in excess of what it should have been. Though perhaps higher than the Court as a fact finder would have awarded, the verdict does not shock our conscience, as it must to require remittitur. Gittens testified at length concerning her pain, suffering, embarrassment, humiliation and the necessity for further medical treatment as a result of what she contended was Dr. Christian's negligence. We will not disturb the size of the verdict.

## III. CONCLUSION

For all the reasons cited herein, the motion for a directed verdict or a new trial will be denied.

## ORDER

THIS MATTER is before the Court on defendant's motion for a directed verdict, or a new trial. The Court having filed its Memorandum Opinion of even date herewith, now therefore it is

ORDERED:

THAT the motion for a directed verdict or for a new trial is DENIED.