**WENDELL CHEEK, Plaintiff**

v.

**JOSE DOMINGO, M.D., Defendant**

Civil No. 1984/275

District Court of the Virgin Islands

Div. of St. Croix

February 13, 1986

VINCENT A. COLIANNI, ESQ., St. Croix, V.I., *for plaintiff*

PATRICIA D. STEELE, ESQ., St. Croix, V.I., *for defendant*

O'BRIEN, *Judge*

## MEMORANDUM OPINION

We are presented here with two issues peculiar to medical malpractice cases. First, can the defendant physician base a contributory negligence defense on the acts of the plaintiff which caused the injury necessitating treatment? And second, is a specialist competent to testify as to the general practitioner's standard of care? We answer the first question in the negative and the second affirmatively.

## I. FACTS

The plaintiff, Wendell Cheek, was involved in a barroom brawl while visiting St. Croix in January 1980. He contends that he and two companions were provoked by five island residents as they enjoyed some post-golf cocktails. Cheek was bitten in the altercation and suffered a long gash between the third and fourth knuckles on his left hand.

A short while later, he was treated by the defendant, Dr. Jose Domingo, at St. Croix Hospital. In response to Cheek's explanation that he had been bitten, Domingo sutured the wound closed and instructed Cheek to return for follow up care.

When the throbbing in his hand continued, Cheek visited another St. Croix doctor who removed the sutures and drained the wound. A virulent infection set in, necessitating eight surgeries and, ultimately, the amputation of Cheek's middle finger.

Cheek sued Domingo for medical malpractice alleging that the infection resulted from the suturing of the wound. He further contends that infection and, therefore, the amputation, would have been averted had Domingo followed the universal treatment for human bite wounds—that is, cleansing, but not suturing, the wound and administering antibiotics.

Two issues are before us on the parties' motions in limine. First, Cheek asks us to exclude evidence of the circumstances underlying the bite wound. Such a ruling would bar Domingo from raising the defense of the plaintiff's contributory negligence. Domingo, on the other hand, seeks to bar the testimony of the plaintiff's proposed expert witnesses on the grounds of incompetency.

## II. DISCUSSION

### A) *The Contributory Negligence Defense in a Medical Malpractice Action*

■ It is well established that the contributory negligence of a patient is a defense in a medical malpractice action. And it is equally clear that the defense is appropriate only where the patient's negligent act occurred during the treatment. The defense may not be raised, therefore, where it is based on the occurrence of the injury which necessitated treatment. Skar v. City of Lincoln, Nebraska, 599 F.2d 253, 260 (8th Cir. 1979) (patient's refusal to provide personal information required for diagnosis held a contributing factor to self-inflicted injuries sustained in psychiatric hospital); Hunter v. United States, 236 F. Supp. 411, 415 (M.D. Tenn. 1964) (failure to consent to second cancer test contributed to doctor's failure to detect disease at an early stage); Mechan v. McLeay, 227 N.W.2d 829, 832–34 (Neb. 1975); 50 A.L.R.2d Malpractice—Contributory Negligence, § 2[a].

Domingo proposed to defend on the grounds that Cheek contributed to the alleged malpractice injury by fighting, an act which Domingo claims was, in the least, negligent. We find Sendejar v. Alice Physicians & Surgeons Hospital, Inc., 555 S.W.2d 879 (Tex. Ct. Civ. App. 1977), instructive on this issue. The Sendejar plaintiff wrecked his car and the failure of the defendant physician to detect a partial severance of the plaintiff's spinal cord resulted in

permanent paralysis. The court rejected the doctor's claim that the plaintiff was contributorily negligent by wrecking his car, stating:

> To constitute a bar to a suit for malpractice, the contributory negligence of the patient must have been an active and efficient contributing cause of the injury made the basis of the patient's claim; it must have been simultaneous and co-operating with the alleged fault of the defendant, must have entered into the creation of the cause of action and must have been an element in the transaction which constituted it. (Citations omitted.)

Id. at 885.

■ As in Sendejar, the record is devoid of evidence showing that Cheek was guilty of any negligent act occurring simultaneously with Domingo's treatment. Instead, the alleged negligence occurred prior to the treatment. It was the cause of the injury which Domingo treated. We adopt the Sendejar reasoning and hold that a physician may not raise the defense of contributory negligence where the plaintiff's negligence occurred prior to the alleged act of malpractice.[1] Consequently, evidence of Cheek's fight is irrelevant to the proceeding and, therefore, we bar its admission.

■ Domingo also contends that the worsening of the infection and resulting need to amputate was caused by Cheek's failure to obtain the necessary follow up treatment. Because these acts occurred subsequent to the treatment, a vastly different scenario is presented. The defense here, however, is not contributory negligence and, therefore, Domingo is not entitled to an apportionment of fault. Rather, if proved, the plaintiff's negligent aggravation of the malpractice injury will serve only to mitigate damages. Brazil v. United States, 484 F. Supp. 986, 991 (N.D. Ala. 1979); Santoni v. Scharf, 428 A.2d 94, 99 (Md. Sp. App. 1981) rev'd on other grounds 441 A.2d 323 (Md. Ct. App. 1982); Flynn v. Stearns, 145 A.2d 33, 38 (N.J. App. Div. 1958); 50 A.L.R.2d, supra, § 6.

A case virtually on point is Blair v. Eblen, 461 S.W.2d 370 (Ky. Ct. App. 1970). The Blair plaintiff injured his hand in an industrial accident. An infection, the basis of the malpractice action, necessitated amputation of several fingers. The plaintiff's subsequent failure to exercise increased the hand's disability. The court rejected the doctor's defense of contributory negligence but held

---

[1] We have no opportunity here to decide whether this rule applies to the assumption of risk defense. But see 50 A.L.R.2d, supra, § 7.

that the damages would be mitigated in accordance with the plaintiff's culpability. The court reasoned:

> Negligence on the part of the patient, which occurs wholly subsequently to the physician's malpractice which caused the original injuries sued for, is not a complete defense to any recovery against the physician, but serves to mitigate the damages, preventing recovery to the extent the patient's injury was aggravated or increased by his own negligence, although he is entitled to recover for the injuries sustained prior to his contributory negligence. (Citations omitted.)

Id. at 372.

■ We hold that any damages awarded to Cheek must be reduced by the amount of injury that Domingo proves to have resulted from Cheek's post-treatment negligence.

B. *The Competency of the Expert Witnesses*

■■ A medical expert is competent to testify in a malpractice proceeding if he or she has knowledge and familiarity with that standard of care and treatment commonly practiced by physicians engaged in the same specialty as the defendant. The requisite knowledge may be acquired through experience, observation, association or education. Charles and Kramer, Medical Malpractice, § 29.03 (1985 Supp.). Additionally, in the Virgin Islands, an expert must also have knowledge of the appropriate medical practice in either this, or a similar, community. Gittens v. Christian, 600 F. Supp. 146, 148 (D.V.I. 1985), aff'd 782 F.2d 1028 (3d Cir. 1986).

Cheek plans to call two experts, one of whom is a neurologist and the other an infectious disease specialist. They will both testify as to the treatment of human bites, a purportedly universal procedure. Domingo claims that the proposed witnesses are incompetent to testify because they are neither general practitioners nor knowledgeable of the standard care in Virgin Islands emergency rooms. We will address these claims separately.

■■ There is no requirement in the Virgin Islands, as in most jurisdictions, that an expert practice the same specialty as the defendant. Gittens, supra at 149 (D.V.I. 1985) (proctologist testified against a family practitioner); Lee v. Andrews, 545 S.W.2d 238, 245 (Tex. Civ. App. 1976) (proctologist testified against a general practitioner); Siirila v. Barrios, 248 N.W.2d 171, 177 (Mich. 1976)

(pediatrician may testify against a general practitioner); Evans v. Ohanesian, 112 Cal. Rept. 236, 240 (Cal. Ct. App. 1974) (periodontist may tesify against a dentist). Thus, a specialist may testify as to the standard of care of a general practitioner provided the proposed witness possesses the requisite knowledge. Siirila, supra at 177; Evans, supra at 240; Charles and Kramer, supra, § 29.03. The degree of that knowledge goes to the weight and not the admissibility of the expert's testimony. Evans, supra at 240.

■ The competency of an expert is also established where a technique is either universal, as treatment of bites is purported to be, or the expert has previously performed the procedure. Gittens, supra at 149; Los Alamos Medical Center, Inc. v. Coe, 275 P.2d 175, 179 (N.M. 1954); Charles and Kramer, supra, § 29.03.

■ Finally, it must also be shown that an expert is familiar with the standard of care as it is practiced in the defendant's community or in a similar one. This is the so-called "similar community" rule which the Virgin Islands has adopted. Gittens, supra at 148.

■ It is not required that the proffered expert has actually practiced in the defendant's community but it must be shown that the expert has practiced in a similar community. Ives v. Redford, 252 S.E.2d 315, 318 (Va. 1979); Charles and Kramer, supra, § 29.03. Here too, an expert's actual experience in a technique or its universality dispenses with the locality requirement. Gittens, supra at 149.

■ We hold, therefore, that Cheek's experts are not automatically disqualified because they are specialists rather then general practitioners. It is, of course, incumbent upon Cheek to establish the witnesses' competency with respect to knowledge of the applicable standard of care as it is practiced in the Virgin Islands or a similar community. In the alternative, competency may be established upon a showing that either the treatment for bite wounds is universal or the expert has previously performed the treatment.

## IV. CONCLUSION

In conclusion, we hold that the acts of a patient in incurring an injury cannot be the basis of the medical malpractice defendant's contributory negligence defense. This defense is limited to the negligent acts of the patient which occur simultaneously with the

malpractice. Mitigation of damages is the defendant's relief when subsequent acts of the patient aggravate the malpractice injury.

■ Moreover, we hold that a medical specialist is competent to testify as an expert against a general practitioner provided the witness has the requisite knowledge of the applicable standard of care as it is practiced in a community similar to the defendant's. Competency may also be established where the medical procedure at issue is either universal or the witness has previously performed it.

## ORDER

THIS MATTER is before the Court on the parties' motions in limine. The Court having filed its Memorandum Opinion of even date herewith, and the premises considered, now therefore it is

ORDERED:

THAT the motion of plaintiff Wendell Cheek to bar admission of evidence concerning the circumstances of his injuries be, and the same is hereby GRANTED, and further

THAT the motion of defendant Jose Domingo to disqualify the plaintiff's proposed expert witnesses be, and the same is hereby DENIED.