104 F.3d 361
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Larry Eugene WATKINS-EL, Plaintiff-Appellant,
v.
Eric WOODWARD; Dennis Yeager; Gayle Doles; Dennis
Cartwright; Phillip Parker, Defendants-Appellees.
 No. 96-5318.
 United States Court of Appeals, Sixth Circuit.
 Dec. 18, 1996.
 
 Before: WELLFORD, RYAN, and SILER, Circuit Judges.
 
 ORDER
 
 1
 Larry Eugene Watkins-El, a Kentucky prisoner proceeding pro se, appeals a district court order granting summary judgment to the defendants in his civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Seeking monetary and injunctive relief, Watkins-El sued the warden and four corrections officers of the Kentucky State Penitentiary (KSP) in their individual capacities. He alleged that the defendants violated his rights under the First, Eighth, and Fourteenth Amendments in an incident that occurred on May 14, 1995. On that date, Watkins-El was on his way to the visiting area when Woodward approached him for a pat down search. Because Woodward had allegedly been picking his nose immediately beforehand, Watkins-El asked him to either wash his hands first or let another officer perform the search. The plaintiff was handcuffed and taken to the yard office where Yeager ordered him to allow Woodward to search him. When Watkins-El again refused, Doles ordered him to be transferred to administrative segregation, where Cartwright allegedly shaved his hair and beard despite his Islamic faith and his alleged skin condition of pseudofolliculitis.[1] In a supplement to his complaint, Watkins-El claimed that Parker sanctioned the violation of his First Amendment rights and "encourag[ed] his staff to wipe their dirty hands on plaintiff under the disguise of a shake down."
 
 
 3
 In a memorandum opinion and order entered on February 8, 1996, the district court granted the defendants' motion for summary judgment. The district court concluded that no constitutional right was implicated by a pat down search conducted by an officer with dirty hands, KSP's policy of cutting the hair and beards of segregation inmates for security reasons had previously been upheld against a First Amendment challenge, Watkins-El's complaint that his medical records were not checked before his shave and haircut did not state an Eighth Amendment violation, he stated no due process violation in his detention and disciplinary proceeding, and his allegations of discrimination and harassment were conclusory and insufficient to avoid summary judgment.
 
 
 4
 On appeal, Watkins-El argues that the district court erred by: (1) granting summary judgment based upon erroneous facts, and (2) granting summary judgment before discovery. The appellees have informed the court that they will not be filing a brief.
 
 
 5
 Upon review, we affirm the district court's order because there are no genuine issues of material fact and the defendants are entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); accord Harrow Prods., Inc. v. Liberty Mutual Ins. Co., 64 F.3d 1015, 1019 (6th Cir.1995). This court reviews a district court's order granting summary judgment de novo, using the same test as used by the district court. Harrow Prods., Inc., 64 F.3d at 1019.
 
 
 6
 Watkins-El argues that summary judgment was improper for two reasons. First, he claims that the district court decided the case based upon the supposedly erroneous facts that Watkins-El refused to be searched and that his hair was only cut rather than shaved. It is settled that "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48 (1986). As to the first fact, Watkins-El is mistaken; the district court recognized that he refused to be searched by Woodward. The distinction as to whether Watkins-El's hair was only cut short or his head shaved closer than prison regulations called for is not material. His principle complaint is that he was shaved with a blade, thus aggravating his skin condition. In addition, the district court correctly concluded that KSP's haircut policy for segregation passes First Amendment scrutiny for the reasons stated in Phipps v. Parker, 879 F.Supp. 734 (W.D.Ky.1995).
 
 
 7
 Nor did the district court err in granting summary judgment before discovery. "The general rule is that summary judgment is improper if the non-movant is not afforded a sufficient opportunity for discovery." Vance v. United States, 90 F.3d 1145, 1148 (6th Cir.1996). However, the district court docket sheet contains no record of either a motion for discovery by Watkins-El, or a response to the defendants' motion to stay discovery, despite a period of four months between the filing of that motion and the district court's opinion and order. Because the non-movant bears the obligation to inform the district court of his need for discovery, id. at 1149, and Watkins-El did not do so in this case, the district court did not abuse its discretion in ruling on the summary judgment motion. See id; see also Gordon v. Barnes Pumps, Inc., 999 F.2d 133, 138 (6th Cir.1993). In any event, by not first seeking discovery in the district court, Watkins-El has not preserved the issue for appeal. See Vance, 90 F.3d at 1149.
 
 
 8
 As for Watkins-El's substantive issues, the district court properly granted summary judgment to the defendants for the reasons stated in its memorandum opinion. Accordingly, the district court's order, entered on February 8, 1996, is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 [1]
 Defendants produced material from plaintiff's medical records indicating no evidence or record of this skin disorder