**Brenda L. PIERCE and David E. Pierce, Plaintiffs,**

v.

**HOBART BROTHERS COMPANY, an Ohio corporation, Defendant.**

No. 1:97–CV–888.

United States District Court, W.D. Michigan, Southern Division.

April 13, 1998.

---

Jeffrey D. Van Leuwen, Richland, MI, for Brenda L. Pierce, David E. Pierce, pltfs.

Leonard E. Nagi, Daniel J. Seymour, Paskin, Nagi & Baxter, PC, Detroit, MI, for Hobart Brothers Company, deft.

## OPINION AND ORDER DENYING DEFENDANT'S MOTION TO DISMISS AND/OR FOR SUMMARY JUDGMENT

MILES, Senior District Judge.

Plaintiffs Brenda L. Pierce and her husband, David E. Pierce originally filed this diversity products liability action against defendant Hobart Brothers Company ("Hobart") in Michigan's Kalamazoo County Circuit Court.[1]  In their complaint, the Pierces allege that Brenda Pierce, who was employed by a commercial airline, was seriously injured when her foot became caught in a conveyor belt machine used to load luggage onto airplanes.  Hobart, the alleged manufacturer of the machine, filed a timely notice of removal to this federal court.  Hobart has now filed a motion to dismiss and/or for summary judgment, in which it argues that the alteration of the machine after delivery to the original owner precludes its liability under applicable Michigan law.  Plaintiffs have opposed the motion.  For the following reasons, the court hereby DENIES the motion without prejudice.

### FACTS

Plaintiffs are residents of Middleville, Michigan.  The complaint alleges that plaintiff Brenda Pierce was seriously injured on August 25, 1994 when her foot became caught in the conveyor, which

---

1. Plaintiffs originally named three defendants in the case: Hobart, Air Wisconsin, Inc., and Great Lakes Aviation, Ltd. However, Air Wisconsin and Great Lakes Aviation have been dismissed from this action due to plaintiffs' failure to establish that these parties were timely served pursuant to Fed.R.Civ.P. 4(m).

plaintiffs allege was designed, manufactured, and/or delivered by Hobart. At the time of her injury, Pierce was employed by a commercial airline and engaged in duties in that capacity at the Kalamazoo County Airport in Portage, Michigan. Principally, plaintiffs allege that Hobart is liable under theories of negligence and/or breach of express and implied warranties based on, *inter alia,* the company's alleged failure to install adequate safety controls (including guards) and/or its alleged failure to adequately warn of the dangers inherent in the operation of the conveyor, particularly where guards were not present. David Pierce has asserted a loss of consortium claim based on his wife's injuries, which allegedly include contusions and abrasions to her right foot and ankle and a crushed foot injury.

Hobart filed its notice of removal on October 22, 1997. Nothing appears to have transpired of record in the case until January 12, 1998, when Hobart filed the present motion. Hobart's motion triggered the court's scheduling of a conference pursuant to Fed.R.Civ.P. 16, which took place on April 1, 1998.

## ANALYSIS

In its motion, Hobart argues that plaintiffs' product liability theories are deficient because evidence shows that the conveyor was manufactured and delivered with an appropriate guard, which must have been removed by the purchaser, Piedmont Airlines, or a subsequent owner. Under Michigan law, Hobart contends, the alteration of the conveyor bars any claim against the company based on a failure to install the guard. In addition, Hobart argues, any claim based on an alleged failure to warn is barred by the sophisticated user doctrine because Piedmont, the original purchaser, was such a sophisticated user.

In evaluating the sufficiency of a complaint under Rule 12(b)(6), the court must construe all well-pleaded factual allegations favorably to the plaintiffs. *Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974). A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiffs can prove no set of facts in support of their claim which would entitle them to relief. *Id.* (citing *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). If, on a motion under Rule 12(b)(6), matters outside the pleadings are presented and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.

Under Rule 56(c), summary judgment is proper where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." The party moving for summary judgment bears the burden of establishing the non-existence of any genuine issue of material fact and may satisfy this burden by " 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). While inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party, "[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The substantive law identifies which facts are "material." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

In support of its motion to dismiss, Hobart has presented materials outside the pleadings which the court has not excluded. Therefore, the court is required to treat the motion as one for summary judgment under Rule 56.

■ In opposing Hobart's motion, plaintiffs argue, *inter alia*, that summary judgment at this juncture would be premature because no discovery has been conducted to date. More specifically, plaintiffs, who dispute whether the conveyor was equipped with a guard at the time it was manufactured, contend that summary judgment would be inappropriate because plaintiffs have not had the opportunity to conduct discovery to test the credibility of Hobart's contention that the conveyor has been altered since its manufacture, or to determine whether Piedmont was a sophisticated user.

"The general rule is that summary judgment is improper if the non-movant is not afforded a sufficient opportunity for discovery." *Vance v. United States*, 90 F.3d 1145, 1148 (6th Cir.1996). The non-movant must inform the district court of the need for discovery either by filing an affidavit pursuant to Rule 56(f),[2] or by filing a motion for additional discovery. *Id.* at 1149. "If the non-movant makes a proper and timely showing of a need for discovery, the district court's entry of summary judgment without permitting him to conduct any discovery at all will constitute an abuse of discretion." *Id.* (citation omitted).

Plaintiffs have appended to their response brief the affidavit of David Pierce, who as Brenda Pierce's husband is himself a plaintiff. However, although David Pierce is a party, he does not appear to have personal knowledge of the events in question. Instead, the affidavit of Mr. Pierce, who has been employed as a "machine set-up man" for the Parker–Hannifin company in Otsego, Michigan, has apparently been submitted as an expert affidavit based on Mr. Pierce's inspection of the conveyor after his wife's accident. Based on Mr. Pierce's supposed expertise, he does not believe that the conveyor ever had a guard on it. Mr. Pierce also states that plaintiffs' "investigation" has revealed the occurrence of other "accidents on conveyor belt machines such as the machine involved in this case[.]" Because of this, Mr. Pierce states, the plaintiffs would like to conduct discovery on the issue of the manufacturer's knowledge of these other accidents, and the foreseeability of alteration. On the issue of foreseeability, plaintiffs have submitted as an exhibit to Mr. Pierce's affidavit a letter from Hobart's insurance adjuster, which states, in part, that "I have been informed that it is not uncommon for owners of belt loaders to fabricate their own bumper assemblies rather than purchase the [manufacturer's] parts when the rubber bumpers wear out." By inference, Mr. Pierce suggests, alteration is "something which the manufacturer should have foreseen." Finally, Mr. Pierce also states that plaintiffs have no knowledge of Piedmont Airlines' status as a sophisticated user.[3]

■ Of course, under Fed.R.Evid. 411 evidence that Hobart has liability insur-

---

2. Fed.R.Civ.P. 56(f) provides as follows:
   **(f) When Affidavits are Unavailable.** Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

3. Piedmont Airlines is apparently no longer in business.

ance is not admissible for the purpose of establishing its negligence. Thus, the letter from Hobart's insurance adjuster is not admissible evidence. Moreover, plaintiffs have by no means established that Mr. Pierce is qualified to give expert testimony on any fact presently at issue. Indeed, the submission of his affidavit was probably unnecessary in view of the early stage of the proceedings and the undisputed lack of discovery to date.[4] The procedural status of the proceedings in itself serves to substantiate plaintiffs' contention that discovery is needed to defend against the motion. Accordingly, the court feels constrained to deny Hobart's motion.

### CONCLUSION

For the foregoing reasons, the court hereby DENIES Hobart's motion for summary judgment without prejudice, pending the completion of discovery on the matters raised therein, including the alteration and sophisticated user issues. Nothing in this decision shall be construed as an expression of the court's opinion on the merits of the parties' respective positions on these issues, as expressed in their briefing on this motion.

---

4. In their Joint Status Report filed on March 30, 1998, the parties requested that the commencement date for discovery be established to begin after a decision on the present motion.