Carl L. VANCE, By and Through his attorney in fact, Debra Vance HAMMONS, Plaintiff–Appellant,

v.

UNITED STATES of America, Defendant–Appellee.

No. 95–5391.

United States Court of Appeals, Sixth Circuit.

Argued March 22, 1996.

Decided July 25, 1996.

1146

Neil E. Duncliffe (argued and briefed), Georgetown, KY, for Plaintiff–Appellant.

Thomas Lee Gentry, Asst. U.S. Atty. (argued and briefed), Office of the U.S. Attorney, Lexington, KY, for Defendant–Appellee.

Before: MARTIN and MOORE, Circuit Judges; JOINER, District Judge.*

JOINER, District Judge.

This is a Federal Torts Claims Act case in which plaintiff, Carl Vance, alleges that the medical staff at two Veterans Administration health facilities committed malpractice in their care and treatment of him. The district court entered summary judgment against Vance three months after the complaint was filed and before any discovery was conducted, and denied Vance's subsequent motion to vacate the judgment. We are persuaded, based on the facts of this particular case, that the district court abused its discretion in denying Vance's motion to vacate the judgment. Accordingly, we reverse and remand for further proceedings.

## I.

The question in this case is not whether the complete record reflects a genuine issue of material fact sufficient to defeat a summary judgment motion, but whether the plaintiff should have been permitted an opportunity to conduct discovery before the court entered summary judgment. Accordingly, we set forth only those facts necessary for an understanding of this issue.

Vance, a victim of Alzheimer's disease, was admitted to the Veterans Administration long-term care facility in Lexington, Kentucky, in September 1990. Although he suffered from Alzheimer's symptoms, Vance enjoyed excellent physical health until late 1992. He suffered two falls in December, neither of which was observed by a staff member. No x-rays were taken to determine if he had broken any bones. An x-ray taken eighteen months after Vance had left the VA facility reflected a fracture, possibly old, of the right hip.

A chest x-ray taken on November 30, 1992, showed an area of density overlying the lower left lung. The radiologist attributed the density to the patient's superimposed hand, and found no disease in the lungs. By December 4, however, Vance was suffering from pain, fever, diarrhea, enlarged liver and distended stomach. Vance was admitted to the VA's acute care facility, but the cause of his problems was not diagnosed. In January, his family sought, and was denied, permission to bring in an independent physician for a consultation. On a visit later that month, family members noticed that Vance's breathing appeared shallow and labored. Vance's doctor refused the family's request that she check his lungs, stating that she did not have time. The family returned three days later, and insisted that Vance be discharged. While the family waited, Vance's physician reported that she had just checked Vance's lungs and that they were clear. A few hours later, Vance was taken by ambulance to another hospital, where he was diagnosed with pneumonia. He had a temperature of 102.6°. A blood test later revealed that Vance had Legionnaires' disease.

Vance's daughter requested and received copies of Vance's medical records. Through counsel, Vance's family submitted an administrative claim for $151,680. The VA denied the claim for the most part,[1] stating that Vance's medical care did not fall outside standard nursing home care, and did not adversely affect his health.

Vance filed this civil action alleging that he was permanently injured and rendered non-ambulatory due to the malpractice of the

---

* The Honorable Charles W. Joiner, United States District Court for the Eastern District of Michigan, sitting by designation.

1. The VA acknowledged that Vance's family should have been allowed to seek an independent opinion, and thus offered $869 to compensate the family for associated medical expenses not covered by Medicare.

VA's medical staff. Vance sought $150,000 in damages for future medical expenses and pain and suffering. In lieu of an answer, the defendant, United States of America, filed a motion to dismiss for failure to state a claim, or, in the alternative, for summary judgment, arguing that under applicable state law, expert medical testimony was required to demonstrate both the existence of malpractice and causation. Defendant supported its motion with the affidavit of Dr. Christine Tully, the VA's director of geriatrics, who thoroughly reviewed Vance's history of care, and concluded that the medical staff's care met the standard of practice, and did not adversely affect Vance's condition. Based on this expert opinion, defendant claimed it was entitled to summary judgment.

Vance responded with copies of his medical records and the affidavit of a knowledgeable family member who had witnessed conversations with the VA's physician. Vance argued that his case fell within the exception to Kentucky's expert testimony requirement applicable to cases in which the physician's failure to comply with the standard of practice is so apparent that laymen may easily recognize it or infer it from evidence within the realm of common knowledge. Vance further argued that expert testimony was not required at such an early stage of the case. The district court rejected this argument and concluded that expert testimony was required under Kentucky law. Because the affidavit of defendant's medical expert was not refuted, the court granted defendant's motion for summary judgment.

■ Vance filed a motion to vacate the summary judgment ten days later,[2] requesting that the court permit him to conduct discovery essential to his claims. Vance submitted an affidavit from Dr. Louis Vorhous, who concluded, based on a comprehensive review of Vance's medical records, that the VA should have performed tests to rule out pneumonia and should have explored the possibility of hip fractures. The failure to do so, according to Dr. Vorhous, was a substantial

factor in Vance's invalid state. Dr. Vorhous qualified his opinion, however, stating that a final opinion on malpractice could only be rendered after reviewing Vance's x-rays and "most importantly, the medical depositions of physicians[.]" Additional briefs and evidentiary matters were filed by each party. The district court denied plaintiff's motion to vacate without giving any reasons.

## II.

■ Liability under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–2680, is governed by the state law. *Huffman v. United States*, 82 F.3d 703, 705 (6th Cir. 1996). Kentucky law generally requires that a plaintiff prove both the existence of malpractice and causation with expert testimony. This is not to say, however, that the plaintiff in every case must obtain an independent expert to review the defendant's conduct. Rather, the necessary expert testimony may be supplied by the defendant's admissions during discovery, or through medical evidence obtained from other treating physicians. *Perkins v. Hausladen*, 828 S.W.2d 652, 655–56 (Ky.1992). Moreover, no expert testimony is needed in situations " 'where the common knowledge or experience of laymen is extensive enough to recognize or to infer negligence from the facts.'" *Id.* at 655 (quoting *Jarboe v. Harting*, 397 S.W.2d 775, 778 (Ky.1965)).

■ While state substantive law governs the resolution of Vance's claims, federal procedural law governs the manner in which they are resolved on a summary judgment motion. The general rule is that summary judgment is improper if the non-movant is not afforded a sufficient opportunity for discovery. *White's Landing Fisheries, Inc. v. Buchholzer*, 29 F.3d 229, 231–32 (6th Cir. 1994). *Accord Plott v. General Motors Corp.*, 71 F.3d 1190, 1195 (6th Cir.1995) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n. 5, 106 S.Ct. 2505, 2511 n. 5, 91 L.Ed.2d 202 (1986)), *cert. denied*, — U.S. ——, 116 S.Ct. 1546, 134 L.Ed.2d 649 (1996).

---

**2.** This motion, filed within ten days of the entry of judgment, properly is viewed as a motion to alter or amend pursuant to FED. R. CIV. P. 59(e). *White v. New Hampshire Dep't of Employment*

*Sec.*, 455 U.S. 445, 451, 102 S.Ct. 1162, 1166, 71 L.Ed.2d 325 (1982); *Hatfield v. Board of County Comm'rs*, 52 F.3d 858, 861 (10th Cir.1995).

The non-movant bears the obligation to inform the district court of his need for discovery, however. This court reviews for abuse of discretion a claim that summary judgment was prematurely entered because additional discovery was needed, and the argument is not preserved for appeal unless it is first advanced in the district court. *Plott,* 71 F.3d at 1196. Thus, before a summary judgment motion is decided, the nonmovant must file an affidavit pursuant to FED. R. CIV. P. 56(f)[3] which details the discovery needed, or file a motion for additional discovery. If he does neither, "this court will not normally address whether there was adequate time for discovery." *Id.* If the non-movant makes a proper and timely showing of a need for discovery, the district court's entry of summary judgment without permitting him to conduct any discovery at all will constitute an abuse of discretion. *White's Landing Fisheries,* 29 F.3d at 231–32.

Vance does not challenge the district court's sound conclusion that the malpractice claims advanced in this case simply are not comparable to those in which expert testimony has not been required under Kentucky law. *E.g., Jarboe v. Harting,* 397 S.W.2d 775 (Ky.1965) (expert testimony not required to demonstrate negligence in diagnosing pregnancy as uterine tumor, but expert testimony required to demonstrate that miscarriage resulted from unnecessary surgery). Vance conceivably could have obtained the required expert evidence through deposing the physicians who cared for him at VA facilities or elsewhere. Vance neither provided the required evidence in response to defendant's motion for summary judgment, nor informed the court pursuant to Rule 56(f) that discovery was needed to defend against the motion. We therefore find no error in the district

court's initial grant of summary judgment. *Plott,* 71 F.3d at 1196.

The question presented here is whether Vance successfully may raise his need for discovery for the first time, after summary judgment has been granted, in connection with a timely motion to vacate the judgment. Such a motion draws into conflict two legitimate procedural objectives. On the one hand is the need for parties to rigorously adhere to the requirements of FED. R. CIV. P. 56 governing summary judgment practice; on the other is the compelling concern that a party be permitted an adequate opportunity to discover and present the facts pertinent to his claims. Rule 56(f) is carefully crafted to accommodate a party's need for discovery prior to entry of summary judgment, and we therefore caution that in most instances, a post-judgment motion asserting a need for discovery will be too little, too late.[4] In this particular case, however, we are persuaded that the district court should have granted Vance's motion and permitted him to pursue the discovery he sought.

Most significant to the conclusion we reach is the fact that *no* discovery was conducted before the motion for summary judgment was filed and decided. While Vance's family had obtained his medical records prior to filing suit, Vance had not had an opportunity to depose the VA's physicians, or to review the x-rays taken at VA facilities. Except where local law may impose specific filing requirements, an expert's opinion frequently is not obtained until after such discovery is conducted. Thus, the evidence that defendant faulted Vance for not providing is evidence which he was neither required nor likely to have obtained prior to filing suit.

We are also impressed by the fact that Vance did not seek reconsideration of the court's decision based only on generalized

---

3. That rule provides:

(f) **When Affidavits are Unavailable.** Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

4. In a related context, the Fourth Circuit has held that the district court properly refused to consider evidence first presented in connection with post-judgment motions to reconsider. *Hughes v. Bedsole,* 48 F.3d 1376, 1382 (4th Cir.), cert. denied, —— U.S. ——, 116 S.Ct. 190, 133 L.Ed.2d 126 (1995); *Cray Communications, Inc. v. Novatel Computer Sys., Inc.,* 33 F.3d 390, 395–96 (4th Cir.1994), cert. denied, —— U.S. ——, 115 S.Ct. 1254, 131 L.Ed.2d 135 (1995); *RGI, Inc. v. Unified Indus., Inc.,* 963 F.2d 658, 662 (4th Cir. 1992).

statements of the need for discovery. Rather, Vance supported his motion to vacate with an affidavit, which, while not mentioning Rule 56(f), provided all of the information required by that provision. Dr. Vorhous set forth precisely what discovery was needed and why it was needed, all based on a meticulous review of Vance's medical records.

Finally, this is not a case in which the plaintiff has been dilatory in conducting discovery, has asserted a need for discovery in connection with new claims advanced late in the day, or has sought discovery on matters extraneous to his complaint. Thus, there is no apparent prejudice to defendant in allowing Vance an opportunity to conduct discovery prior to being called upon to defend a summary judgment motion. Affirmance of the district court's judgment, however, threatens significant prejudice to Vance, in light of the fact that Dr. Vorhous' affidavit presents competent evidence of malpractice and resulting harm.

In light of these factors, we conclude that this case presents the rare exception to the rule that a party must fully inform the district court prior to its decision on a summary judgment motion of the need for additional discovery.

**REVERSED** and **REMANDED** for proceedings consistent with this opinion.