**James Gary DAVIDSON,**
**Plaintiff–Appellant,**

v.

**UNITED STATES of America,**
**Defendant–Appellee.**

No. 00–5135.

United States Court of Appeals,
Sixth Circuit.

March 12, 2001.

**318**

Before KRUPANSKY, BOGGS, and BATCHELDER, Circuit Judges.

### ORDER

James Gary Davidson, a Tennessee resident, appeals a district court order dismissing his action construed as filed pursuant to the doctrine announced in *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). The parties have expressly waived oral argument, and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).

Seeking monetary and injunctive relief, Davidson sued Food and Drug Administration employee Larry Loftis in state court. Davidson alleged that Loftis interfered with his business, harassed him, invaded his privacy, and committed other violations of state law. The United States removed the action to the district court and filed a motion to substitute the United States as a defendant. *See* 28 U.S.C. § 2679(d)(1). The district court granted the motion. When the United States filed a motion to dismiss, Davidson filed a motion to amend his complaint and to bifurcate his state law claims. The district court concluded that only one claim could withstand a motion to dismiss: Davidson's allegation that Loftis opened his mail without authorization. The United States moved to dismiss or for summary judgment. The district court granted the motion, concluding that Davidson had not provided sufficient facts in his complaint and had failed to raise a disput-

ed issue of material fact in his response to the government's motion.

In his timely appeal, Davidson argues that the district court erred by: (1) granting the government's motion; and (2) failing to postpone the ruling under Fed. R.Civ.P. 56(f).

Initially, we note that the only issue on appeal is the propriety of the district court's decision to grant summary judgment to the United States on Davidson's claim that Loftis interfered with his mail. Davidson waived all other issues by not raising them on appeal. *See Enertech Elec., Inc. v. Mahoning County Comm'rs,* 85 F.3d 257, 259 (6th Cir.1996).

█ Upon de novo review, we conclude that the district court properly granted summary judgment to the United States. *See Smith v. Ameritech,* 129 F.3d 857, 863 (6th Cir.1997). In his amended complaint, Davidson alleged that in September 1998 Loftis and a "John Doe" agent of the Postal Service opened Davidson's mail without notice, consent, probable cause, or a search warrant. In support of its motion for summary judgment, the government submitted Loftis's affidavit. Loftis denied opening Davidson's mail, directing anyone to open Davidson's mail, or knowing about anyone opening Davidson's mail. In response, Davidson submitted an affidavit in which he repeated his charge that Loftis had opened his mail and stated that "there are federal government employees who are willing to testify before the Court with a Court Order. That these individuals, because of their positions and their orders of confidentiality, cannot give an Affidavit regarding Larry Loftis opening my mail."

The United States carried its initial burden of establishing an absence of evidence to support Davidson's case, *see Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986), and Davidson failed to present significant pro-

bative evidence in support of his complaint to defeat the government's motion for summary judgment. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248–49, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Davidson's affidavit was insufficient to rebut the government's proof because it was not based on personal knowledge. *See* Fed. R.Civ.P. 56(e); *Wiley v. United States,* 20 F.3d 222, 225–26 (6th Cir.1994); *Moore v. Holbrook,* 2 F.3d 697, 699 (6th Cir.1993). Moreover, Davidson failed to come forward with any other evidence on which a jury could reasonably find for him. *See Anderson,* 477 U.S. at 252. The conclusory allegations in Davidson's affidavit added nothing to the allegations in his complaint and did not create a genuine issue of material fact. *See Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). Because there were no material facts in issue, the United States was entitled to a judgment as a matter of law. *See* Fed.R.Civ.P. 56(c).

■ We also conclude that the district court did not abuse its discretion when the court declined to defer summary judgment under Fed.R.Civ.P. 56(f). *See Vance v. United States,* 90 F.3d 1145, 1149 (6th Cir.1996). Davidson failed to demonstrate why he was unable to oppose the United States's motion for summary judgment or how postponement of the ruling would have enabled him to rebut the government's affidavit. *See Emmons v. McLaughlin,* 874 F.2d 351, 357 (6th Cir. 1989). Although Davidson alluded to government employee witnesses under orders of confidentiality, he did not provide their names or titles, the reasons why they were subject to orders of confidentiality, or what specific facts they knew. In view of Davidson's cryptic affidavit, the district court did not err by refusing to postpone ruling on the United States's motion for summary judgment. *See Carney v. United States Dept. of Justice,* 19 F.3d 807, 813 (2nd Cir.1994); *Eastway Constr. Corp. v. City of New York,* 762 F.2d 243, 251 (2d Cir.1985).

For the foregoing reasons, we affirm the district court's order.