**Martin GREENBLATT, Plaintiff–Appellant,**

v.

**RICHARD POTASKY JEWELER, INC.; Richard L. Potasky; Mark Scher; Jean Walther, Defendants–Appellees.**

No. 00–3686.

United States Court of Appeals, Sixth Circuit.

Sept. 14, 2001.

Before DAUGHTREY, GILMAN, and GIBSON,* Circuit Judges.

### ORDER

Martin Greenblatt, a New York litigant proceeding pro se, appeals a district court order granting summary judgment for the defendants in this diversity action filed under 28 U.S.C. § 1332. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Potasky Jeweler was a Dayton, Ohio, area retail jewelry business. Defendants Richard Potasky and Mark Scher were

---

* The Honorable John R. Gibson, United States Circuit Judge for the Eighth Circuit, sitting by designation.

officers; Defendant Jean Walther was an employee. Greenblatt supplied Potasky Jeweler with diamonds for sale on consignment from mid–1989 through April, 1992. According to the complaint, Potasky Jeweler would notify Greenblatt when a diamond had been sold; he would then forward an invoice in order to be paid.

National City Bank was apparently a primary funder of Potasky Jeweler's operations. It had a valid U.C.C. financing statement properly filed from 1981 forward which covered all current and after-acquired inventory of Potasky Jeweler.

In May of 1993, Potasky Jeweler filed for bankruptcy protection under Chapter 11. National City Bank filed a secured creditor claim in September of 1993. At the conclusion of the bankruptcy, there were no assets left to satisfy any of the claims of unsecured creditors. Greenblatt was an unsecured creditor of Potasky Jeweler by virtue of his failure to file a U.C.C. financing statement, although such a filing would have protected him as a consignment seller. Rather than filing any contractual claim against Potasky Jeweler, which would in any event have been barred by the bankruptcy proceeding, Greenblatt filed the instant action against the three individual defendants.

The defendants filed a motion for summary judgment and Greenblatt filed a cross-motion for directed verdict. The matter was referred to a magistrate judge for final disposition upon consent of the parties pursuant to 28 U.S.C. § 636(c). The magistrate judge granted the defendants' motion for summary judgment and denied Greenblatt's motion for directed verdict. This timely appeal followed.

■ Upon review, we affirm the district court's judgment as there are no genuine issues of material fact and the defendants are entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *see Holloway v.*

*Brush,* 220 F.3d 767, 772 (6th Cir.2000). Greenblatt's deposition, coupled with the complete lack of any competing evidentiary material from Greenblatt, make clear that Greenblatt cannot prove a claim of fraud or fraudulent misrepresentation against any of the defendants, *see Greenberg v. Life Ins. Co.,* 177 F.3d 507, 515 (6th Cir.1999) (citing *Burr v. Board of County Comm'rs of Stark County,* 23 Ohio St.3d 69, 491 N.E.2d 1101, 1102 (1986)), nor a claim of federal civil RICO conspiracy. *Sedima, S.P.R.L. v. Imrex Co.,* 473 U.S. 479, 496, 105 S.Ct. 3275, 87 L.Ed.2d 346 (1985); *Advocacy Org. for Patients and Providers v. Auto Club Ins. Ass'n,* 176 F.3d 315, 322 (6th Cir.1999); *Cent. Distribs. of Beer, Inc. v. Conn,* 5 F.3d 181, 183–84 (6th Cir.1993). Nor was there any breach of fiduciary duty because the relationship of debtor and creditor without more is not a fiduciary relationship. *See Stone v. Davis,* 66 Ohio St.2d 74, 419 N.E.2d 1094, 1097–98 (Ohio 1981); *Umbaugh Pole Bldg. Co. v. Scott,* 58 Ohio St.2d 282, 390 N.E.2d 320, 323 (Ohio 1979).

■ Upon further review, we conclude that no abuse of discretion occurred in this case regarding discovery. *See Vance ex rel. Hammons v. United States,* 90 F.3d 1145, 1149 (6th Cir.1996); *Plott v. General Motors Corp., Packard Elec. Div.,* 71 F.3d 1190, 1196 (6th Cir.1995). The record reflects that the district court set a discovery cutoff date agreed to by all parties. Furthermore, the case had been pending in the district court for several months before that, during which the parties were completely free to engage in discovery. Finally, the district court several times intervened to resolve discovery disputes between the parties.

■ The appellees move the court to take judicial notice of five pleadings filed in a consolidated case. These pleadings do

**310**

not pertain to the instant appeal and are only offered to allow the court to have a greater understanding of the procedural posture of the instant appeal. Therefore, the motion to take judicial is granted for this purpose.

 The appellees request fees and expenses for having to defend against this action. "If a court of appeals shall determine that an appeal is frivolous, it may award just damages and single or double costs to the appellee." Fed. R.App. P. 38. This court has awarded fees where the appeal is patently frivolous. *Dallo v. INS,* 765 F.2d 581 (6th Cir.1985). Greenblatt's appeal, though weak, is not frivolous and we do not believe that costs are warranted in this case.

■ Finally, the appellees have filed a motion for the $155.00 they incurred in preparing the supplemental appendix. On September 6, 2000, this court entered an order striking Greenblatt's pro se appendix because the appendix did not comply with Fed. R.App. P. 30. In that same order, this court granted the appellees' motion to file a supplemental appendix. Unless the parties agree otherwise, it is the appellant's responsibility to pay the costs of the appendix. *See* Fed. R.App. P. 30(b)(2). The parties in this case did not agree otherwise. Therefore, the appellees' motion for the cost of the supplemental appendix is granted in the amount of $155.00.

Accordingly, the motion to take judicial notice is granted, the motion for costs relating to the supplemental appendix is granted, the motion for sanctions is denied, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.