Calvin J. MATTHEWS, Plaintiff–Appellant,

v.

Correctional Officer ROBINSON, FMC–Lexington; Kathleen Hawks, Bop Director; Bill Burlington, Bop Regional Counsel; United States of America, Defendants–Appellees.

No. 01–6350.

United States Court of Appeals, Sixth Circuit.

Dec. 12, 2002.

Before NORRIS and GILMAN, Circuit Judges; and MCKEAGUE, District Judge.*

* The Honorable David W. McKeague, United States District Judge for the Western District of Michigan, sitting by designation.

## ORDER

Calvin J. Matthews, a federal prisoner proceeding pro se, appeals a district court judgment dismissing his civil action filed pursuant to the doctrine announced in *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), and the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671–80. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

On March 28, 2001, Matthews filed a complaint against Kathleen Hawks, Director of the Bureau of Prisons ("BOP"); Bill Burlington, Regional Counsel for the BOP; and John Robinson, a correctional officer employed by the BOP at the Federal Medical Center located in Lexington, Kentucky. Matthews alleged that on October 28, 2000, he slipped and fell in the television room of his living unit due to the presence of liquid on the floor and the BOP's failure to provide him with medically prescribed shoes for his deformed feet. Matthews alleged that, as a result of the fall, he injured his left knee and has experienced "extreme pain in [his] lower back, neck and groin area" since the incident. According to Matthews, BOP officials have made no effort to treat his injuries and have ignored and denied his requests for medical treatment. Matthews sought monetary relief.

Upon initial screening of the case, the district court dismissed Hawks, Burlington, and Robinson from the action, dismissed the claims brought pursuant to the *Bivens* doctrine, and permitted Matthews's FTCA claim to proceed, construing the United States as the sole defendant in the action. Thereafter, the United States filed a motion to dismiss or in the alternative for summary judgment, to which Matthews responded. The district court granted the United States's motion for summary judgment and dismissed the case. Matthews's motion for reconsideration was subsequently denied by the district court. Matthews has filed a timely appeal.

Because the record contained material outside of the pleadings, which the district court did not exclude from consideration, the district court characterized the United States' motion to dismiss as a motion for summary judgment. *See* Fed.R.Civ.P. 12(b); *Soper v. Hoben*, 195 F.3d 845, 850 (6th Cir.1999). We review the district court's grant of summary judgment de novo. *Kincaid v. Gibson*, 236 F.3d 342, 346 (6th Cir.2001).

Under the FTCA, the United States has waived its sovereign immunity for claims against it for monetary damages arising from "personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant." 28 U.S.C. § 1346(b). Liability is determined by reference to the law of the state where the alleged negligent or wrongful conduct occurred. *See id.; Rayonier Inc. v. United States*, 352 U.S. 315, 318, 77 S.Ct. 374, 1 L.Ed.2d 354 (1957); *Vance v. United States*, 90 F.3d 1145, 1148 (6th Cir.1996); *Sellers v. United States*, 870 F.2d 1098, 1101 (6th Cir.1989).

The alleged negligent acts occurred in Kentucky. In order to state a cause of action based on negligence under Kentucky law, a plaintiff must establish the following elements: "(1) a duty on the part of the defendant; (2) a breach of that duty; and (3) consequent injury." *Mullins v. Commonwealth Life Ins. Co.*, 839 S.W.2d 245, 247 (Ky.1992). Under Kentucky law,

a plaintiff alleging medical malpractice must prove that a medical provider failed to adhere to the standard of care of a reasonably competent practitioner in the same medical field, proximately causing the plaintiff injury. *Reams v. Stutler*, 642 S.W.2d 586, 588 (Ky.1982); *Blair v. Eblen*, 461 S.W.2d 370, 373 (Ky.1970). Generally, expert testimony is required to show that a medical provider failed to conform to the applicable standard of care and caused the plaintiff's injury. *See Vance*, 90 F.3d at 1148; *Jarboe v. Harting*, 397 S.W.2d 775, 777–78 (Ky.1965).

Upon review, we conclude that the district court properly dismissed Matthews's negligence and medical malpractice claims brought against the United States. Matthews failed to demonstrate that BOP officials breached any duty of care owed him and that any resulting injuries from his fall were caused by such breach. *See Mullins*, 839 S.W.2d at 247. In addition, the evidence presented by Matthews was insufficient to permit a layman with general knowledge to recognize medical malpractice, yet Matthews did not retain or employ any expert witnesses to testify in support of his medical malpractice claim. *See Vance*, 90 F.3d at 1148; *Jarboe*, 397 S.W.2d at 777–78.

We further conclude that Matthews's *Bivens* claims were properly dismissed. Matthews failed to allege that Hawks, Burlington, and Robinson violated any of his constitutional rights or were either personally responsible for or knowingly acquiesced in any unconstitutional conduct. The theory of respondeat superior cannot provide the basis for liability in a *Bivens* action. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); *Jones v. City of Memphis*, 586 F.2d 622, 625 (6th Cir.1978).

Accordingly, the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.