**Carl A. COLLINS, Plaintiff–Appellant,**

v.

**TOWER AUTOMOTIVE, INC., Defendant–Appellee.**

No. 02–3841.

United States Court of Appeals, Sixth Circuit.

Jan. 24, 2003.

## *ORDER*

Carl A. Collins, an Ohio resident proceeding pro se, appeals the district court order granting summary judgment to the defendant in this employment discrimination case brought under Title VII of the 1964 Civil Rights Act (Title VII), 42 U.S.C.

§ 2000e–16, et seq. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Seeking unspecified relief, Collins sued his former employer Tower Automotive, Inc. (Tower). Collins, an African–American, alleged that Tower discriminated against him in pay, promotion, work assignments, and "employment continuation" because of his race. After a period of discovery. Tower moved for summary judgment and Collins filed a response. The district court granted Tower's motion. The court held that Collins had not established a prima facie case of discrimination and that, even if he had, Tower came forward with a legitimate non-discriminatory reason for firing Collins and Collins did not show that Tower's reason was a pretext for discrimination.

In his timely appeal, Collins argues that Tower improperly refused to provide discovery documents necessary for Collins to establish a prima facie case of discrimination.

This court reviews an order granting summary judgment de novo. *Holloway v. Brush,* 220 F.3d 767, 772 (6th Cir.2000). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R.Civ.P. 56(c).

Upon review, we conclude that the district court properly granted summary judgment to Tower. Tower, an automotive parts supplier, hired Collins as an electrical control engineer in January 1998. When he was first hired. Collins worked at Tower's plants in Bluffton and Upper Sandusky, Ohio. Tower later hired another engineer for the Upper Sandusky plant. In early 2000, Tower denied Collins an annual raise and brought to his attention problems with his job performance. These included failing to complete projects on time, not being a team player, engaging in idle conversation, being late to work, and spending time at the Upper Sandusky plant after being told not to. Collins came under additional criticism through the summer of 2000, and Tower fired him in September 2000. Collins filed a discrimination charge with the Equal Employment Opportunity Commission (EEOC) in November 2000. The EEOC found insufficient cause to pursue the charge and issued Collins a right to sue letter.

Tower was entitled to a judgment as a matter of law because Collins failed to establish a prima facie case of racial discrimination *See Mitchell v. Toledo Hosp.,* 964 F.2d 577, 582–83 (6th Cir.1992). The district court held that Tower's evidence of Collins's poor performance meant that he was not qualified for his position. This court has criticized this approach as conflating an element of the plaintiff's prima facie case with the requirement that the employer come forward with a non-discriminatory reason for discharging the employee. "[W]hen assessing whether a plaintiff has met [his] employer's legitimate expectations at the prima facie stage of a termination case, a court must examine plaintiff's evidence independent of the nondiscriminatory reason 'produced' by the defense as its reason for terminating plaintiff." *Cline v. Catholic Diocese of Toledo,* 206 F.3d 651, 660–61 (6th Cir.2000). The distinction is not important in this case, however, because the district court also properly held that Collins failed to establish that any comparable non-protected person was treated better than he was. *See Mitchell,* 964 F.2d at 582–83.

Morever, even if Collins had established a prima facie case, Tower put forward a

**228**

legitimate, non-discriminatory reason for Collins's termination and Collins presented no evidence that Tower's reason for firing him was a pretext for discrimination. *See Texas Dep't of Cmty. Affairs v. Burdine,* 450 U.S. 248, 252–53, 101 S.Ct. 1089, 67 L.Ed.2d 207 (1981); *Monette v. Elec. Data Sys. Corp.,* 90 F.3d 1173, 1185 (6th Cir. 1996). Tower documented many deficiencies in Collins's performance from several sources, but Collins presented only his own opinion that Tower terminated him because of his race. Conclusory allegations do not create a genuine issue of material fact which precludes summary judgment. *See Lujan v. Nat'l Wildlife Fed'n,* 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). Collins failed to carry his ultimate burden of producing evidence on which a jury could reasonably find that Tower discriminated against him because of his race. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 252, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Burdine,* 450 U.S. at 254–55; *Monette,* 90 F.3d at 1186–87.

Collins's argument that Tower refused to provide documents necessary to his case is without merit. Because Collins did not give the district court an opportunity to rule on the matter by filing a Rule 56(f) affidavit or a motion to compel, he has waived appellate review of the issue. *Vance v. United States,* 90 F.3d 1145, 1148 (6th Cir.1996); *Plott v. General Motors Corp.,* 71 F.3d 1190, 1195–96 (6th Cir. 1995).

For the forgoing reasons, we affirm the district court's order. Rule 34(j)(2)(C), Rules of the Sixth Circuit.