**Johnny E. GAMBLE, Plaintiff–Appellant,**

v.

**Eric REAMER, Defendant.**

**Susan GARNIER, Defendant–Appellee.**

No. 02–3239.

United States Court of Appeals, Sixth Circuit.

March 27, 2003.

Before DAUGHTREY and GIBBONS, Circuit Judges; and MILLS, District Judge.*

*ORDER*

Johnny E. Gamble appeals a district court grant of summary judgment for defendant Garnier in this civil rights action filed under 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

* The Honorable Richard Mills, United States District Judge for the Central District of Illinois, sitting by designation.

Gamble filed his complaint and an amended complaint in the district court alleging that the defendant Cincinnati police officers removed his step-daughter from his legal custody without due process. After expiration of the district court's discovery deadline, Gamble filed a motion to compel discovery. The magistrate judge denied the motion for Gamble's failure to exhaust extrajudicial means to resolve discovery differences and because the discovery deadline had passed. However, Gamble filed objections, and District Judge Beckwith sustained Gamble's objections and remanded the matter to the magistrate judge to grant the motion to compel with respect to clearly discoverable matters. Judge Beckwith then recused herself, and the case was assigned to Judge Dlott.

On remand, the magistrate judge again denied plaintiff's motion to compel on the basis of Gamble's failure to exhaust extrajudicial means to resolve discovery differences. Gamble did not file objections to the magistrate judge's order. Defendants then moved for summary judgment based upon a defense of qualified immunity, and plaintiff responded in opposition. The district court granted defendants' motion and entered judgment accordingly. This timely appeal followed.

On appeal, plaintiff contends that the district court failed to give him an adequate opportunity to conduct discovery and erroneously granted summary judgment to defendants based upon qualified immunity. Upon de novo review, *see Gardenhire v. Schubert*, 205 F.3d 303, 310 (6th Cir.2000); *Lucas v. Monroe County*, 203 F.3d 964, 971 (6th Cir.2000), we affirm the judgment essentially for the reasons stated by the district court in its order filed January 25, 2002. Plaintiff cannot show that defendants violated any clearly established constitutional rights of which a

reasonable person would have known. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982); *Gardenhire*, 205 F.3d at 310–11. Further, plaintiff cannot show that summary judgment was inappropriate because he did not have an adequate opportunity for discovery. *See Vance ex rel. Hammons v. United States*, 90 F.3d 1145, 1148 (6th Cir. 1996); *White's Landing Fisheries, Inc. v. Buchholzer*, 29 F.3d 229, 231–32 (6th Cir. 1994). Accordingly, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.