**Tisa Renee WINZER, as Next Friend of Jane Doe, Plaintiff–Appellant,**

v.

**SCHOOL DISTRICT FOR THE CITY OF PONTIAC, et al., Defendants–Appellees.**

No. 02–2451.

United States Court of Appeals, Sixth Circuit.

July 7, 2004.

Jamil Akhtar, Akhtar, Sucher & Ebel, Troy, MI, for Plaintiff–Appellant.

Mary Massaron Ross, Camille Horne, Plunkett & Cooney, Detroit, MI, Michael D. Weaver, Plunkett & Cooney, Bloomfield Hills, MI, for Defendants–Appellees.

Before: BOGGS, Chief Judge, and NELSON and SUTTON, Circuit Judges.

DAVID A. NELSON, Circuit Judge.

■ A private action for damages arising out of student-on-student sexual harassment may lie against a school board under Title IX of the Education Amendments of 1972, 20 U.S.C. §§ 1681 *et seq.,* but only if the board is blameworthy by reason of deliberate indifference to known acts of harassment. See *Davis v. Monroe County Board of Education,* 526 U.S. 629, 119 S.Ct. 1661, 143 L.Ed.2d 839 (1999).

■ Summary judgment was entered in favor of the defendant school board/school district in the instant case on the ground, among others, that the plaintiff, who claimed that her daughter had been raped by a fellow student, failed to present evidence that the defendants had knowledge of any student-on-student harassment in the past. Upon de novo review, we conclude that the judgment should be affirmed.

## I

The plaintiff, Tisa Renee Winzer, acting as next friend of her minor daughter, Jane Doe, brought a sexual harassment suit against the school district for the City of Pontiac, Michigan. Also named as defendants were the Pontiac Board of Education and the top two administrators of Jane Doe's middle school. The complaint alleged that a male student, whom the school principal and assistant principal knew to be sexually active with female students, raped Jane in a school bathroom during school hours.

Ms. Winzer sought relief under both federal law (42 U.S.C. § 1983 and Title IX) and state law, but the district court declined to exercise jurisdiction over the state-law claims. Those claims were dismissed on that basis. The defendants moved for summary judgment on the federal claims, whereupon Ms. Winzer dismissed her § 1983 claim and conceded that the individual defendants were entitled to summary judgment on the Title IX claim. The question that remained was whether the school district and school board could be found liable under Title IX.

The district court answered in the negative. It held, among other things, that Ms. Winzer had failed to present evidence that the defendants knew of sexual harassment by the alleged rapist prior to the rape of Jane Doe.

Ms. Winzer moved for reconsideration, citing new evidence. The district court considered the new evidence but was not persuaded to alter its original disposition. Upon the denial of the motion for reconsideration, Ms. Winzer perfected a timely appeal.

## II

With certain exceptions that are not relevant here, Title IX provides that "[n]o person in the United States shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681(a). It is undisputed that the Pontiac schools receive federal funding. The defendants

do not contend, moreover, that the harassment alleged by Ms. Winzer was insufficiently severe to constitute "discrimination" in the context of a private damages action under Title IX. (The Supreme Court held in *Davis v. Monroe County Board of Education* that student-on-student harassment constitutes "discrimination" for purposes of a Title IX action for damages when it is "so severe, pervasive, and objectively offensive that it can be said to deprive the victims of access to the educational opportunities or benefits provided by the school." *Davis,* 526 U.S. at 649–51.)

The question before us is whether the evidence presented could warrant a finding that the defendants "subjected" Jane Doe to student-on-student harassment. Could a fact-finder properly determine, in other words, that the defendants "cause[d] [Jane] to undergo" harassment or "made [her] liable or vulnerable to it"? *Davis,* 526 U.S. at 644–45 (internal quotation marks omitted). The defendants can be said to have "subjected" Jane to harassment only if they acted with deliberate indifference to "known acts of student-on-student sexual harassment." *Davis,* 526 U.S. at 646–47.

The Supreme Court did not decide in *Davis* whether the "known acts of student-on-student sexual harassment" must have been directed against the plaintiff herself. Neither did it decide whether such acts must have been committed by the plaintiff's harasser, as opposed to some other student. But even if deliberate indifference to *any* known act of student-on-student harassment can render a defendant liable for subsequent acts of harassment, we think it is clear that the record in the case at bar will not support a finding of liability.

Ms. Winzer presented no evidence that the defendants knew about even one incident of student-on-student harassment

before the alleged rape of Jane Doe. There is evidence that students engaged in sexual activity on school property, to be sure, and evidence that the principal was aware of the problem. But there is no evidence that any student was an unwilling participant in these activities. Ms. Winzer argues that the students in Jane Doe's middle school are legally incapable of consenting to sexual contact. Be that as it may, we do not think sexual activity among students who are voluntary participants, absent any evidence of unwelcome sexual advances, can be characterized as sexual harassment. See *Meritor Savings Bank, FSB v. Vinson,* 477 U.S. 57, 68, 106 S.Ct. 2399, 91 L.Ed.2d 49 (1986) ("The gravamen of any sexual harassment claim is that the alleged sexual advances were 'unwelcome.' 29 C.F.R. § 1604.11(a)(1985).").

Ms. Winzer further argues that the knowledge requirement of *Davis* can be satisfied by constructive, as well as actual, knowledge of harassment. But there is no evidence that the defendants had even constructive knowledge of student-on-student sexual harassment before Jane Doe's rape; the record is devoid, to repeat, of any evidence of such knowledge, whether actual or constructive. The Supreme Court, moreover, has declined to apply a constructive-knowledge standard in Title IX cases of teacher-on-student harassment, see *Gebser v. Lago Vista Independent School District,* 524 U.S. 274, 284–90, 118 S.Ct. 1989, 141 L.Ed.2d 277 (1998), and the Court has unequivocally imported the actual-knowledge standard into cases of student-on-student harassment. See *Davis,* 526 U.S. at 646–47. We have followed the Supreme Court's lead, as we must, in requiring actual knowledge of student-on-student sexual harassment in Title IX cases. See *Vance v. Spencer County Public School District,* 231 F.3d 253, 258–59 (6th Cir.2000); *Soper v. Hoben,* 195 F.3d

845, 854–55 (6ᵗʰ Cir.1999), *cert. denied,* 530 U.S. 1262, 120 S.Ct. 2719, 147 L.Ed.2d 984 (2000).

Lacking evidence that the defendants were deliberately indifferent to known acts of student-on-student sexual harassment, Ms. Winzer cannot show that the defendants "subjected" Jane to the alleged rape. See *Davis,* 526 U.S. at 646–47, 119 S.Ct. 1661. Ms. Winzer contends, however, that she did not have adequate time to develop the record through discovery before summary judgment was granted. The district court's decision to enter summary judgment without allowing additional discovery is reviewed under an abuse-of-discretion standard. See, *e.g., Vance v. United States,* 90 F.3d 1145, 1149 (6ᵗʰ Cir.1996).

The defendants' summary judgment motion was made and granted before the discovery deadline imposed by the district court. But Ms. Winzer continued to take discovery while the motion was under advisement, and she was able to present additional evidence when she moved for reconsideration some two weeks before the discovery deadline. The district court considered Ms. Winzer's new evidence, which she argued was sufficient to defeat the motion for summary judgment. At no time did Ms. Winzer file an affidavit stating that she could not present facts essential to her opposition to the summary judgment motion unless she obtained additional discovery. See Fed.R.Civ.P. 56(f). In these circumstances, we cannot say that the district court abused its discretion by acting as it did.

**AFFIRMED.**