NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name:  17a0648n.06

No. 17-5273

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

VICKI MOORE,

       Plaintiff-Appellant,

v.

SHELBY COUNTY, KENTUCKY,

       Defendant-Appellee.

FILED
Nov 22, 2017
DEBORAH S. HUNT, Clerk

ON APPEAL FROM THE UNITED
STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF KENTUCKY

BEFORE:    CLAY, ROGERS, and SUTTON, Circuit Judges.

**CLAY, Circuit Judge.**  Plaintiff Vicki Moore, individually and in her capacity as director of the Shelby County Animal Care Coalition, appeals from the district court's grant of summary judgment to Defendants Leon Federle, Rob Rothenburger, and Shelby County, Kentucky on the basis that Plaintiff failed to state a claim of First Amendment retaliation under 42 U.S.C. § 1983. For the reasons set forth below, we **VACATE** the grant of summary judgment for Defendants and **REMAND** for further proceedings consistent with this opinion.

## BACKGROUND

### I.    Factual Background

Plaintiff is the director of the Shelby County Animal Care Coalition, an advocacy group dedicated to "the humane treatment of animals."  In 2013, she became aware of "disturbing conditions" at the Shelby County Animal Shelter, including allegations of malnourished dogs, dirty cages, and dogs with chemical burns from unsanitary conditions and unsafe cleaning

practices. The Shelby County Animal Care Coalition was organized shortly thereafter and publicized its findings through its website. For a time, the Coalition worked with the animal shelter to improve conditions, but the relationship eventually soured and Defendant Federle, the Shelby County Animal Control Director, barred the Coalition from the shelter.

On February 6, 2015, Plaintiff served a request on Defendant Rothenburger, the Shelby County Judge Executive, under the Kentucky Open Records Act ("KORA"), Ky. Rev. Stat. §§ 61.870–61.884, seeking to inspect and copy all images, graphic representations, and audio on the security camera system at the shelter. Defendant Rothenburger advised Plaintiff and the Coalition that they should contact Defendant Federle to "arrange a mutual schedule" for the "viewing and inspection of . . . video/security camera data" and that it would take six to eight weeks to locate and redact such videos.

On May 11, 2015, a dog fight occurred at the shelter that resulted in injuries to several animals. Six days later, Plaintiff again attempted to obtain video files from the shelter pursuant to KORA. Defendant Federle agreed to meet Plaintiff on May 21, 2015 to copy the surveillance videos, but Plaintiff cancelled the meeting. They rescheduled for May 28, 2015, but this time it was Defendant Federle who cancelled. On June 5, 2015, Plaintiff was finally allowed into the shelter to copy the surveillance videos. Upon arrival, she and her technician, Kurt Pendleton, discovered that all the surveillance videos had been deleted on May 31, 2015, at 1:53 a.m. Defendants maintain that the files were inadvertently deleted when, sometime in "late May 2015," the county switched to a new five-day retention policy for video files.

## II.  Procedural History

Plaintiff initially referred this matter to the Kentucky Attorney General, who issued a decision dated October 1, 2015, in which he found that Defendant Federle and the animal shelter

had subverted the intent of KORA by restricting access to open records. Nonetheless, the attorney general found that the failure to preserve the video files did not violate KORA, but raised "a significant records management issue" and referred the matter to the Department for Libraries and Archives.

On February 2, 2016, Plaintiff brought suit in state court against Shelby County; Leon Federle, individually and in his official capacity; and Rob Rothenburger, individually and in his official capacity, alleging state law claims under KORA, First Amendment retaliation, and supervisory liability under 42 U.S.C. § 1983. On February 17, 2016, Defendants removed the case to federal court. On April 7, 2016, the district court issued a scheduling order setting discovery deadlines and referred the matter to the magistrate judge to supervise discovery and pretrial proceedings. Eight days later, Defendants moved for summary judgment. Plaintiff filed a response in opposition to Defendant's motion on May 5, 2016, in which she argued that discovery was needed before the court could decide the merits of her claims.

On July 29, 2016, Plaintiff filed an Unopposed Motion to Vacate Scheduling Order, seeking an extension of deadlines, and requesting a status conference with the magistrate judge to discuss new dates and deadlines. The court granted Plaintiff's motion on August 2, 2016 and scheduled a telephone conference for August 11, 2016. Following the conference, the district court issued an order staying discovery: "Finding that the motion's resolution will at least narrow the issues that require discovery, the Court and the parties agreed that discovery should be stayed until the Court rules on [Defendants'] motion for summary judgment, after which the Court will convene a telephone conference to schedule discovery deadlines if necessary." (R. 11, Minute Entry Order, PageID # 143.)

In the absence of a ruling from the court on Defendants' motion for summary judgment, the parties on January 26, 2017 filed a Joint Motion to Continue Trial and Lift Stay on Discovery. In that motion, the parties agreed "that a lift of the stay of discovery is appropriate so that the parties can begin to get this matter prepared for trial" and "[t]he parties further agree[d] that due to the need for discovery and the respective schedules of the undersigned counsel, the trial of this matter should be continued." (R. 12, Joint Motion, PageID # 145.) On February 9, 2017, the district court granted summary judgment for Defendants on Plaintiff's federal claims, remanded Plaintiff's state law claims to state court for further consideration, and denied as moot the pending joint motion to lift the stay on discovery. The court explained that it was granting summary judgment for Defendants because "Plaintiff has not adequately proven a First Amendment Retaliation claim because she has not shown that an adverse action was taken against her that would chill an ordinary person from pursuing their First Amendment rights." (R. 13, Order, PageID # 151–52.)

Plaintiff filed a timely notice of appeal on March 6, 2017, appealing the district court's ruling as to the retaliation claim. Plaintiff also claims that the district court erred in concluding that Shelby County could not "properly be held liable for the misdeeds of the individual defendants." (Brief for Appellant at 23.) But the district court said nothing of the kind and instead correctly concluded that Plaintiff's municipal liability argument was not raised in the complaint. Thus, Plaintiff failed to preserve the issue for appeal. Moreover, Plaintiff did not raise the district court's failure to consider the argument as an error in her opening brief (or in her reply, for that matter, even after Defendant raised the issue). Thus, this argument has also been forfeited. *See Hills v. Kentucky*, 457 F.3d 583, 588 (6th Cir. 2006); *Thaddeus-X v. Blattner*, 175 F.3d 378, 403 n.18 (6th Cir. 1999) (en banc) (holding that issues not presented in an opening brief are waived).

## DISCUSSION

Defendants moved for summary judgment before any discovery occurred. In her response, Plaintiff argued that she had an inadequate opportunity for discovery. Nonetheless, the district court granted summary judgment because it concluded that "the First Amendment retaliation claim fails as a matter of law." (R. 13, Order, PageID # 152.) Plaintiff contends that without a reasonable opportunity for discovery, she was unable to present evidence that would be material to her opposition to Defendants' motion. We agree. Thus, we may find that the district court did not abuse its discretion *only if* Plaintiff failed to state a claim for First Amendment retaliation. Because we find that Plaintiff stated a plausible claim for First Amendment retaliation, we hold that the district court erred in granting summary judgment for Defendants prior to any discovery.

### I.    Standard of Review

"This court reviews for abuse of discretion a claim that summary judgment was prematurely entered because additional discovery was needed[.]" *Abercrombie & Fitch Stores, Inc. v. American Eagle Outfitters, Inc.*, 280 F.3d 619, 627 (6th Cir. 2002). "If the non-movant makes a proper and timely showing of a need for discovery, the district court's entry of summary judgment without permitting him to conduct any discovery at all will constitute an abuse of discretion." *Vance v. United States*, 90 F.3d 1145, 1149 (6th Cir. 1996) (citing *White's Landing Fisheries, Inc. v. Buchholzer*, 29 F.3d 229, 231–32 (6th Cir. 1994)).

### II.    Analysis

#### 1.  Plaintiff was denied adequate opportunity for discovery.

Defendants filed their motion for summary judgment just eight days after the district court entered its scheduling order. Although Rule 56(b) allows a party to file for summary judgment "at any time," Fed. R Civ. P. 56(b), "[t]he general rule is that summary judgment is improper if

the non-movant is not afforded a sufficient opportunity for discovery." *Vance*, 90 F.3d at 1148

(citing *White's Landing*, 29 F.3d at 231–32); *see Ball v. Union Carbide Corp.,* 385 F.3d 713, 719

(6th Cir.2004) ("It is well-established that the plaintiff must receive 'a full opportunity to

conduct discovery' to be able to successfully defeat a motion for summary judgment."); *White's*

*Landing,* 29 F.3d at 231 ("Yet we nevertheless conclude that summary judgment should not have

been awarded until the plaintiffs were allowed some opportunity for discovery . . . . In the instant

case, we find that the grant of summary judgment, absent *any* opportunity for discovery, is such

a misuse."), *accord Plott v. General Motors Corp.*, 71 F.3d 1190, 1195 (6th Cir. 1995) (citing

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n.5 (1986)).  However, the non-movant bears

the obligation to inform the district court of its need for discovery.  Ordinarily, this is

accomplished by moving for additional discovery or by filing an affidavit pursuant to Federal

Rule of Civil Procedure 56(d), which provides:

> [i]f a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

We have observed that filing an affidavit that complies with Rule 56(d) is essential, and that

in the absence of such a motion or affidavit, "this court will not normally address whether there

was adequate time for discovery."  *Plott*, 71 F.3d at 1196.  But we have also observed that

although Rule 56 "provides courts with a useful method by which meritless cases may be

discharged . . . . the benefits of this rule are quickly undermined if it is employed in a manner

that offends concepts of fundamental fairness."  *White's Landing*, 29 F.3d at 231.  Indeed, "a

formal affidavit may not be required 'when a party has clearly explained its need for more

discovery on a particular topic to the district court prior to or contemporaneously with the motion for summary judgment.'" *Unan v. Lyon*, 853 F.3d 279, 293 (6th Cir. 2017) (quoting *United States v. Rohner*, 634 F. App'x 495, 504 (6th Cir. 2015)).

Plaintiff argued in her opposition to Defendants' motion for summary judgment that she had an inadequate opportunity for discovery. Requiring a redundant 56(d) affidavit in this case, where Plaintiff has already made the argument in her opposition brief, would unduly exalt form over substance. Indeed, as we said in *Abercrombie*, "[m]aking the arguments once is enough." 280 F.3d at 628. Thus, although Plaintiff filed neither a Fed.R.Civ.P. 56(d) affidavit nor a request for additional discovery, by making the argument in her opposition brief, she complied with the substance and purpose of Rule 56(d) and fulfilled her "obligation to inform the district court of [her] need for discovery" prior to a decision on the summary judgment motion. *Id.* at 627.

When addressing a claim that the district court prematurely entered summary judgment before a reasonable opportunity for discovery, this Court weighs a number of factors, such as:

> (1) when the appellant learned of the issue that is the subject of the desired discovery; (2) whether the desired discovery would have changed the ruling below; (3) how long the discovery period had lasted; (4) whether the appellant was dilatory in its discovery efforts; and (5) whether the appellee was responsive to discovery requests.

*Plott*, 71 F.3d at 1196-97 (internal citations omitted). Taken together, these facts weigh in favor of vacating the district court's order in the circumstances of this case.

First, the fact that no opportunity for discovery was ever given before the court entered summary judgment favors Plaintiff. In *White's Landing*, this Court reversed a grant of summary judgment where the district court stayed all discovery just six days after the plaintiffs submitted

their first discovery request. 29 F.3d 229. We held that the grant of summary judgment, "absent *any* opportunity for discovery," was an abuse of discretion. *Id.* at 231 (emphasis in original). In this case, Defendants filed for summary judgment just eight days after the district court entered its scheduling order, and the parties agreed to stay discovery while the court considered this motion and before any discovery had occurred. Although this Court has upheld cases granting summary judgment prior to discovery, *see Local Union 369, Int'l Bhd. of Elec. Workers v. ADT Sec. Servs., Inc.*, 393 F. App'x 290, 295 (6th Cir. 2010), such cases are extraordinary and not the norm. The reason for this is simple: A summary judgment determination requires an inquiry into "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby*, 477 U.S. 242, 251–52 (1986). Common sense dictates that before a district court tests a party's evidence, the party should have the opportunity to develop and discover the evidence.

Second, Plaintiff was prejudiced by the inability to conduct discovery because the evidence she wished to develop could have undermined the district court's conclusion that Defendants had not taken an "adverse action" against Plaintiff and that they were not motivated by her protected conduct. Specifically, Plaintiff sought evidence of retaliatory motive, with which she could have rebutted Defendants' innocent—and equivocal—explanation for deleting the records.

Having reviewed the record, we are left with the definite and firm conviction that the district court abused its discretion by granting summary judgment for Defendants before permitting the parties any discovery. *See Yashon v. Gregory,* 737 F.2d 547, 556 (6th Cir.1984) (holding that district court abused its discretion in granting summary judgment where record was inadequate to resolve issues in dispute). Plaintiff was prejudiced by her inability to conduct at least some

discovery because the evidence she wished to develop might have influenced the district court's perception of whether a genuine factual dispute existed.

Moreover, Plaintiff did not waive this argument by agreeing to stay discovery. Defendants assert that Plaintiff "expressly acquiesced to a stay of discovery pending the resolution of Defendants' motion for summary judgment." (Brief for Appellee at 12.) This much is true. During the August 11, 2016 telephone conference with the court, the parties "agreed that discovery should be stayed until the Court rules on the motion for summary judgment[.]" (R. 11, Minute Order, PageID # 143.) But this did not amount to a waiver. The parties' "agreement" to stay discovery until the court ruled on the motion for summary judgment was conditional and equivocal in that the parties also agreed that after ruling on the motion, "the Court will convene a telephone conference to schedule discovery deadlines if necessary." Because the agreement was inconsistently and poorly worded, it is not at all clear from the agreement that the parties actually intended to forgo discovery.

A waiver is "the intentional relinquishment or abandonment of a known right." *Lucaj v. FBI*, 852 F.3d 541, 547 n.4 (6th Cir. 2017) (citing *United States v. Olano*, 507 U.S. 725, 733 (1993)). Although the parties seemingly agreed to hold discovery in abeyance while the district court considered the motion for summary judgment, there is no indication in the record that Plaintiff intended to "relinquish" or "abandon" arguments that played a prominent role in her response. Agreeing to stay discovery or hold discovery in abeyance while the court considers a motion is not necessarily the same as agreeing that discovery is unnecessary, or that the opportunity for discovery is being relinquished, especially where a party has already made arguments to the contrary.

The district court therefore should not have granted summary judgment for Defendants before discovery, inasmuch as it can be shown that Plaintiff stated a claim for First Amendment retaliation.

## 2. Plaintiff raised a plausible claim for First Amendment retaliation.

Although Moore thus lacked sufficient opportunity to pursue discovery, that does not end the analysis. As we have stated, summary judgment may be warranted regardless of insufficient discovery where "even the most forthcoming responses would not have changed the ultimate result." *Plott v. Gen. Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1197 (6th Cir. 1995). Where, as here, "a plaintiff complaining that a district court granted summary judgment without allowing adequate discovery must, at a minimum, be able to show that he could obtain information through discovery that would disclose material facts." *Sierra Club v. Slater*, 120 F.3d 623, 638 (6th Cir. 1997). Moore thus may only proceed to further discovery if she articulates a plausible legal claim.

The constitutional violation alleged in this case is that county officials retaliated against Plaintiff for exercising her First Amendment rights. A First Amendment retaliation claim entails three elements:

> (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two—that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.

*Thaddeus-X v. Blattner*, 175 F.3d 378.

Moore's "efforts to make the public aware of the persistent and egregious abuse in the Shelby County Animal Shelter" through "publications and other speech pertaining to

10

Defendants' practices" is unquestionably protected conduct. Moore also pleads the second and third elements: that the deletion of the records would deter a person of ordinary firmness from engaging in such speech and publication, and that this deletion was motivated at least in part by Moore's speech. Further discovery is necessary to answer whether these are genuine issues of material fact. The court below found that the second element was not met because it credited an affidavit from the administrator of the security system that the defendants had not deleted the records, R. 13 at 8, PageID 155; however, Moore never got to depose the administrator and Moore offered a contrary affidavit from her own technician that the records were intentionally deleted. Moore's claims are thus not so implausible as to obviate the need for further discovery, and Moore is entitled to such discovery here.

## CONCLUSION

We hold that on remand the district court should establish a discovery schedule and grant Plaintiff a reasonable opportunity to conduct discovery. At a minimum, Plaintiff should be entitled to any documents that are relevant to the constitutional injury she alleges and should be accorded a reasonable opportunity to depose the named defendants and anyone else reasonably likely to offer relevant information regarding the county's decision to switch to a shortened record retention policy and the circumstances surrounding the deletion of the videos.

For the reasons set forth above, the grant of summary judgment to Defendants is **VACATED**, and the case is **REMANDED** for further proceedings consistent with this opinion.