NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 04a0189n.06
Filed: December 21, 2004

No. 03-5406

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

EASTERN KENTUCKY CARDIOTHORACIC )
SURGERY, P.S.C.; LEONARD LAPKIN, M.D.; and )
LAURA REED, M.D., )
)
    Plaintiffs-Appellants, )
)
v. )  ON APPEAL FROM THE
)  UNITED STATES DISTRICT
ASHLAND HOSPITAL CORPORATION, d/b/a )  COURT FOR THE EASTERN
KING'S DAUGHTERS' MEDICAL CENTER; )  DISTRICT OF KENTUCKY
FRED JACKSON; PHILIP FIORET, M.D.; )
CUMBERLAND CARDIOLOGY, P.S.C.; )
RICHARD E. PAULUS, M.D.; CUMBERLAND )
CARDIOTHORACIC SURGERY, P.L.L.C.; and )
CUMBERLAND VASCULAR SURGERY, )
P.L.L.C., )
)
    Defendants-Appellees.

Before:    BOGGS, Chief Judge; GUY, Circuit Judge; and STEEH, District Judge.[*]

    **PER CURIAM**.  Leonard Lapkin, M.D. and Laura Reed, M.D., individually and

as owners of Eastern Kentucky Cardiothoracic Surgery, P.S.C. (collectively, EKCS), appeal the

judgment of the district court denying their Fed. R. Civ. P. 56(f) motion to extend discovery for

---

    [*] The Honorable George Caram Steeh, United States District Judge for the Eastern
District of Michigan, sitting by designation.

-1-

No. 03-5406

Eastern Kentucky Cardio v. Ashland Hospital

sixty days in their antitrust suit against King's Daughters' Medical Center and associated

physicians and practice groups. Because the district court correctly concluded that EKCS did

not meet the criteria for a grant of additional discovery time, we affirm the ruling.


**I**

Lapkin and Reed are cardiothoracic surgeons, at all relevant times practicing in Ashland,

Kentucky. They accused Appellees, an Ashland hospital and area physicians, of conspiring to

destroy their surgical practice through tying arrangements, group boycotts, and monopolization

of access to surgical referrals. After the suit was filed in April 2001, Appellees made a first

round of motions to dismiss in June 2001. In March 2002, the district court judge denied the

motions and ordered discovery completed by August 1, 2002. On August 14 and 15, 2002, the

various defendants filed summary judgment motions and renewed motions to dismiss. On

October 1, 2002, Appellants filed a Rule 56(f) motion seeking an additional sixty days of

discovery.

At a motion hearing on October 2, 2002, the judge determined that Appellants had taken

one deposition in the federal case during September and October 2001 and several depositions in

a related state case during 2001 and early 2002. Appellants also submitted affidavits from Reed

and from Lapkin's wife in support of their 56(f) motion. Appellants did not consult with or file

testimony from an economic expert on the questions of product and geographic markets; they did

not submit interrogatories to Appellees or seek document production. At the hearing, the judge

Eastern Kentucky Cardio v. Ashland Hospital

also ascertained that Appellants could offer nothing more than vague assertions about how they would use the additional discovery period. They could not name with any certainty the witnesses they would depose or give any indication of the testimony potential witnesses could provide.

Their explanation for conducting so little discovery up to that point was that Reed and Lapkin's financial situation had prohibited counsel from taking additional depositions, but counsel did not show that Appellants' finances had improved to the extent that discovery was now feasible. Appellants also claimed that Appellees' importance in the area medical community had made potential witnesses fearful of retribution, suggesting that depositions were likely to be less trustworthy than forcing the witnesses to testify in court. The judge found these arguments insufficient to merit an extension of the discovery deadline, and we agree. The only issue before us on appeal is the denial of the Rule 56(f) motion. We do not consider the merits of the judge's grant of summary judgment for the Defendants-Appellees.

**II**

Denial of a Rule 56(f) motion for additional discovery is reviewed for abuse of discretion. *Ball v. Union Carbide Corp.*, 376 F.3d 554, 561 (6th Cir. 2004); *Abercrombie & Fitch Stores, Inc. v. Am. Eagle Outfitters, Inc.*, 280 F.3d 619, 627 (6th Cir. 2002). A court may rule on a motion for summary judgment only after the nonmoving party has had "adequate time for discovery." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Abercrombie & Fitch Stores,*

No. 03-5406

Eastern Kentucky Cardio v. Ashland Hospital

280 F.3d at 627.  Although the non-moving party has no absolute right to an extension of the discovery period, *Allen v. CSX Transp., Inc.*, 325 F.3d 768, 775 (6th Cir. 2003), it may be able to prevent the immediate grant of a summary judgment motion by a Fed. R. Civ. P. 56(f) motion, *if* it can demonstrate with specificity that the material to be discovered would be relevant, dispositive, and non-duplicative.  *See, e.g., Lanier v. Bryant,* 332 F.3d 999, 1006 (6th Cir. 2003) (vague assertions that additional discovery would disclose material facts insufficient); *Abercrombie & Fitch*, 280 F.3d at 628 (evidence sought was duplicative of evidence already in the record).  *Cf. Vance v. United States*, 90 F.3d 1145, 1149-50 (6th Cir. 1996) (reversing summary judgment and remanding medical malpractice case for further discovery because party set forth in affidavit precisely what discovery was needed and why it was important to its case).

In assessing whether the party making the 56(f) motion has had adequate opportunity to make discovery, the court considers several factors, including but not limited to:

> (1) when the appellant learned of the issue that is the subject of the desired discovery,
> (2) whether the desired discovery would have changed the ruling below,
> (3) how long the discovery period had lasted,
> (4) whether the appellant was dilatory in its discovery efforts, and
> (5) whether the appellee was responsive to discovery requests.

*Plott v. General Motors Corp., Packard Elec. Div*., 71 F.3d 1190, 1196-97 (6th Cir. 1995) (internal citations omitted).  In this case, the discovery period lasted over fourteen months.  *See Estes v. King's Daughters' Medical Center*, 59 Fed. Appx. 749, 751-52 (6th Cir. 2003) (refusing to consider affidavit filed well after end of a discovery period totaling approximately sixteen months because discovery period judged long enough); *Emmons v. McLaughlin*, 874 F.2d 351,

–4–

No. 03-5406

Eastern Kentucky Cardio v. Ashland Hospital

359 n.8 (6th Cir. 1989) (finding nine months long enough for discovery in civil rights case). Yet

during those fourteen months, the Appellants conducted only one deposition in the federal case

and no discovery at all after the judge entered his March 2002 order setting the discovery

deadline.

While Appellants may have found themselves in the proverbial Catch-22, (the alleged

antitrust machinations had caused a precipitous decline in their income and the alleged

monopoly power of the Appellees made potential witnesses afraid to testify), they did not

convince the district court that matters had changed by the time of the 56(f) hearing such that an

additional sixty days would be anything more than further wasted time. Appellants were also

unable to offer evidence that additional discovery would change the summary judgment decision.

This is not to say that it was impossible, given unlimited time and resources, for Appellants to

have uncovered a conspiracy between Appellees to drive them out of business and take over the

provision of cardiothoracic surgery in the Ashland area. Perhaps such a plot existed, but other

than by a few tidbits of hearsay, Appellants provided neither evidence of it nor a plan for how

they would go about uncovering it.

In their brief to this court, Appellants claim to have been caught unaware by an issue

Appellees raised and to need more time to obtain direct evidence. This surprise issue was

Appellants' failure to show a conspiracy that resulted in anticompetitive effects. Part of the

statutory definition of an antitrust violation is that "[E]very contract, combination in the form of

trust or otherwise, or conspiracy, in restraint of trade or commerce among the several states . . .

No. 03-5406

Eastern Kentucky Cardio v. Ashland Hospital

is declared to be illegal." 15 U.S.C. § 1. Under the circumstances, it is absurd for Appellants to seek additional discovery time on the grounds that they did not know that they had to show a conspiracy or anticompetitive acts.

Finally, other than their unsubstantiated claims that witnesses did not want to testify because they feared retaliation, Appellants presented no evidence that Appellees hindered the discovery effort. Consequently, we hold that Appellants' situation lacks any of the elements that *Plott* suggested could support reversal here, and thus hold that the judge did not abuse his discretion in denying Appellants' 56(f) motion.

We therefore **AFFIRM** the judgment of the district court.